M. A. WARTHEN, Appellant, v. L. D. HIMSTREET AND W. B. CARRUTHERS & SON.

| 112 | 605 |
| 122 | 350 |

| 112 | 605 |
| 142 | 392 |

| 112 | 605 |
| 143 | 263 |

**Default:** WAIVER OF DEFECTS IN PLEADING. Where a surety pays a note, and subsequently obtains judgment against the principal and the other surety, on default, for the sum paid. in an action by the latter surety to prevent the application of the purchase price of certain of his realty to the payment of such judgment he cannot claim that no legal judgment could have been rendered against him on the pleadings in such suit, since his co-surety had a cause of action against him, and any defect in the pleadings were waived by the default.

WAIVES THAT JUDGMENT WAS EXCESSIVE. Where a surety pays a note and obtains a judgment against the principal and his co-surety by default, in an action by such co-surety to prevent the application of the proceeds of certain realty to such judgment the fact that the judgment was excessive. as against him, cannot avail to defeat the action. since he knew what was claimed and voluntarily permitted the action to go to judgment without defense.

FRAUD IN GETTING: *Evidence.* In an action by a surety to prevent the application of the proceeds of certain realty to the payment of a judgment against him and the principal, obtained by a co-surety, who had paid the debt, a contention that the judgment was procured by fraud is not sustained, where the principal, claiming without authority to represent the other surety, agreed that judgment for the full amount of the note might be taken against him and the surety, because the principal not being the agent of defendant, the latter was not responsible for his said representations.

*Appeal from Warren District Court.* —HON. J. H. APPLE-GATE, Judge.

SATURDAY, DECEMBER 22, 1900.

THIS is an action in equity, the particulars of which will be set out in the opinion. From a decree dismissing the petition, plaintiff appeals.—*Affirmed.*

*O. C. Brown* for appellant.

*W. F. Powell* for appellees.

WATERMAN, J.—Defendant Himstreet and plaintiff were sureties on the note of A. L. Warthen. Himstreet paid the note, and thereafter brought suit against plaintiff and A. L. Warthen for the amount due on the note and attorney's fees. He obtained judgment for the sum claimed. After a time, some land of M. A. Warthen being sold, an amount sufficient to pay said judgment was reserved out of the purchase price by defendants Carruthers & Son, who paid therefrom to Himstreet one-half the amount of his judgment, and still retain the remainder, awaiting the result of this action. It is claimed the judgment obtained by Himstreet is invalid, on grounds which will be later set out. It is prayed that the money held by Carruthers & Son be ordered paid into court, and plaintiff be decreed the owner thereof, and that she have judgment for the amount of the attorney's fee paid to Himstreet, which was one-half the amount of the fee included in his judgment.

II.   The first claim made by appellant is that no legal judgment could be rendered on the pleadings in the action by Himstreet. The petition in that action alleged that Himstreet and plaintiff were sureties on the note of A. L. Warthen; that plaintiff paid to the holder the amount due, and said note was assigned to him. The original notice in that case recited that plaintiff, as surety, had paid the note, and would ask judgment for the amount due thereon, with attorney's fees. The defendants made default, and judgment was rendered for the sum prayed, with attorney's fees. The claim now made is that a surety who pays a note has no right of action thereon against his co-surety; that, at most, Himstreet could only recover of the plaintiff one-half the amount which he paid. Both of these contentions may be admitted, but we think they are presented too late to avail plaintiff. Himstreet was clearly entitled

to maintain an action for contribution against plaintiff. By the original notice, plaintiff was warned of the amount for which judgment would be asked. We have held that a defendant may be concluded by a default when the facts stated in the petition do not constitute a good cause of action at law, or when the petition is so defective as to be vulnerable to a demurrer. *Fred Miller Brewing Co. v. Capital Ins. Co.,* 111 Iowa, 82, and cases cited. Doubtless, if no cause of action is stated, a default has no such effect. *Bosch v. Kassing,* 64 Iowa, 312. But Himstreet did state a cause of action. The defect in his petition was in matter of form only, and this the defendants could waive, and by their non-appeai ance did waive. The fact that the judgment was excessive as against plaintiff will not avail her in this action. She knew what was claimed, and permitted the action to go to judgment, giving the matter no attention. It is too late now to complain on this score. *Shricker v. Field,* 9 Iowa, 366-371; *Railroad Co. v. Hall,* 37 Iowa, 621; *Doyle v. Reilly,* 18 Iowa, 108; Code, section 3440.

III. Plaintiff, however, claims that the judgment in Himstreet's favor was procured by fraud, and we turn now to the testimony on this issue. Plaintiff is the mother of A. L. Warthen the principal on the note. A. L. Warthen testifies that it was agreed between him and Himstreet and the latter's attorneys, Powell and Ross, that judgment should be taken against his mother for only one-half of the amount paid on the note. This is denied by Himstreet, Powell, and Ross, who assert that A. L. Warthen, claiming to represent his mother, agreed that judgment might be taken for the full amount due on the note, with attorney's fee, against both him and his mother, if Himstreet would stay execution, and would agree to bring no action to set aside certain conveyances of real estate previously made by his mother. We are satisfied the agreement was as last stated,

.and that there was no fraud in obtaining the judgment. It is, perhaps, true that A. L. Warthen had no authority from his mother to make any such agreement, and doubtless he told her that judgment would be taken against her for only her share of the liability on the note; but, if so, Himstreet :is not responsible. A. L. Warthen was not his agent or representative. If plaintiff was misled by her son's statement, :she, and not Himstreet, must suffer. Our conclusion is that .the judgment of the district court must be AFFIRMED.