ERNESTINE RUPPIN     v.   ELIZABETH   McLACHLAN   et al.,
Appellants.

| 122 | 343 |
| 137 | 226 |
| 137 | 627 |
| 122 | 343 |
| 143 | 687 |

Judgments: JURISDICTION. In an action to quiet title, jurisdiction
1  of defendant may be acquired by publication of the notice, as
provided in Code, section 3534.

Judgments: COLLATERAL ATTACK. To uphold a judgment when
2  collateraly attacked, it must appear that the power of the court
was invoked by the proper party, that the nature of the action
was within the general scope of the court's power, and that it
acquired jurisdiction by reason of a sufficient notice.

Widow as Heir. A widow may properly be termed an heir of her
3. deceased husband, where he leaves no children, as she may
take an interest in his property in excess of that to which she
is entitled as widow, even though there is a valid will.

Former Adjudication: COLLATERAL ATTACK. Whether the facts
4  alleged by the pleader support the legal conclusion sought to
have drawn therefrom is a question for the court, necessarily
involved in the case, and where the court having jurisdiction
in other respects renders a decree, it will not be set aside,
although erroneous as a matter of law, unless reversed on
appeal or otherwise corrected in a direct proceeding. This is
true though the judgment is entered on default.

Vacation of Decree: GROUNDS FOR. The only grounds upon which
5  a court of equity may interfere to vacate a decree and grant a
new trial after one year from its rendition, are those enumer-
ated in Code, section 4091.

Fraud: VACATION OF DECREE. In a suit to quiet title, an allega-
6  tion of ownership, which is an erroneous deduction from the
facts pleaded, is not such a false statement as will constitute
fraud or imposition on the court and enable a defaulting de-
fendant to have the judgment therein set aside.

Same. A life tenant may bring an action against the remainder-
7  man asserting absolute ownership of the property without per-
petrating fraud; and the act of an executor in concealing the
interests of a remainderman from her cannot be charged to the
life tenant unless she participated in the fraud.

*Appeal from Johnson District Court.*—HON. H. M. REM-
LEY, Judge.

SATURDAY, JANUARY 23, 1904.

ACTION in equity to have set aside and declared void a
decree rendered by the district court of Johnson county
quieting title to certain real estate in said county as against
this plaintiff in Rebecca Ruppin, through whom defendants
claim title, and now quiet title in plaintiff to said property
as against defendants. Decree for plaintiff, from which de-
fendants appeal.—*Reversed.*

*Ranck & Bradley, J. H. Trewin* and *M. J. Wade* for
appellants.

*Heinz & Fisher* for appellee.

McCLAIN, J.—Herman Ruppin died in Johnson county
in 1890, seised of the legal title to the real estate in contro-
versy. In his will, duly probated, all his property, real and
personal, was devised and bequeathed to his wife, Rebecca
Ruppin, for life, remainder to his sister, the plaintiff in this
action; and it may be assumed that under the will his widow
was entitled to one-third of the property in fee as dower, and
to a life estate in the balance, and that, if plaintiff was en-
titled to any share therein, such share was the remainder of
the two-third interest as to which a life estate was given to
the widow. In 1893, a decree was rendered in the district
court of Johnson county, on service of publication in an ac-
tion brought by the widow against this plaintiff, declaring the
widow (plaintiff in that action) to be the sole owner of the
property in controversy, and quieting her title as against this
plaintiff. In 1895 the widow died in possession of the en-
tire property. Defendants now hold possession of and claim
title to said property as her heirs. The decree of 1893 is con-

clusive against the plaintiff, unless it is shown either that it
was rendered without jurisdiction, or that it should be set
aside on some equitable ground. If the court rendering
such decree had no jurisdiction, then the lower court in this
case was justified in declaring it void, and quieting plaintiff's
title against defendants, claiming under and through it.
*Iowa Sav. & L. Ass'n v. Chase,* 118 Iowa, 51. If on the
other hand, plaintiff has shown equitable grounds for vacat-
ing and setting aside said decree, then, even though such de-
cree was rendered by a court having jurisdiction, the action
of the lower court must be sustained, so far, at least, as the
decree which it rendered in this case sets aside the former de-
cree.    It is not very clear on which of these grounds the
lower court held the decree to be void and set it aside.    We
will consider the two grounds separately.

It is not questioned that the action brought by the widow,
Rebecca Ruppin, in the district court of Johnson county, to
quiet her title to the property in controversy, as against the
1. JURISDICTION. claims of this plaintiff, was brought in the
proper court, and that the court had jurisdiction
of the subject-matter of the action, for the property was
situated in that county. The proceeding being *in rem,* juris-
diction could be acquired by publication of notice, as auth-
orized by statutory provisions then in force, now found in
section 3534 of the present Code. *Carnes v. Mitchell,* 82
Iowa, 601; *Knudson v. Litchfield,* 87 Iowa, 111; *Arndt v.
Griggs,* 134 U. S. 316 (10 Sup. Ct. Rep. 557, 33 L. Ed.
918).

But the view of the lower court seems to have been that
the allegations of the petition on which the original decree
was rendered did not show plaintiff in that action to be en-
2. JUDGMENTS: titled to a decree against defendant; or, in
collateral
attack.       other words, did not entitle plaintiff to the re-
lief granted. No doubt, a so-called petition might fail so
utterly to state any right to legal or equitable relief that it
would not support a decree rendered on default, or the de-
cree might be so far unwarranted by the allegations of the

petition that the court might be said to be without jurisdiction to render it. And yet even these statements must be made with caution, for the power to grant equitable relief in actions at law, and *vice versa,* and to transfer cases from one forum to another, and, further, to allow amendments to pleadings, so as to add averments essential to a cause of action or eliminate those inconsistent with the cause of action stated, is so great under our form of procedure that it would be difficult to imagine a case where the court, having jurisdiction in other respects, could not render a valid judgment; that is, a judgment proof against collateral attack because of the insufficiency of the petition. To enable a court to render such a judgment, it is essential that the power of the court to give judical relief be invoked by a proper party, that the case be of such character as to bring it within the general scope of the court's power, and that the court shall have acquired the right to decide the particular case by reason of some form of notice, such as is sufficient to satisfy the constitutional and statutory requirements. *Spoors v. Coen,* 44 Ohio St. 497, (9 N. E. Rep. 132) ; 2 Freeman, Judgments, section 118.

There is no question in the case before us as to the sufficiency of the notice, or as to the general jurisdiction of the court rendering the decree to give relief in the class of cases to which the one in question belongs. But the contention in behalf of this plaintiff is that the action of the court in the original case was not invoked in such way as to give it power to render a decree. It was averred in the petition on which such decree was rendered, in substance, that the plaintiff therein was the widow and sole heir of Herman Ruppin; that he owned at the time of his decease certain described real estate; that he left a will, which had been duly probated; that defendant in that action, Ernestine Ruppin, was a legatee under said will; that said defendant was an alien and resident of Mecklenburg, Germany; and that plaintiff, as said widow and sole heir of Herman Ruppin, was the owner of the real estate described; and the prayer was that plaintiff

be adjudged the owner of the property described, and that the title thereto be quieted in her as against the claims of all persons whomsoever, and therefore against any claim of the defendant, Ernestine Ruppin, and for such other and further relief as plaintiff might in equity be entitled to. It must be admitted that the averments of this petition are not, in themselves, consistent with each other. The will itself, however, which was referred to and made part of the petition, described Ernestine Ruppin as testator's sister, and described the real property devised to her subject to the widow's life estate, which was the same property to which plaintiff claimed title. If the will was valid and effectual, then Rebecca Ruppin was not the sole owner of the real estate described; but, on the other hand, even though the will were valid, Rebecca Ruppin, as widow, was entitled to one-third of the real estate in fee as widow, and she was an heir of the testator, for if, as matter of fact, Herman Ruppin left no descendants (and it is apparent from the whole record in this case that he had none), then his widow would, as heir, take a share of his property in excess of her interest as widow sufficient to constitute in all one-half of his property; so that, conceding Ernestine Ruppin to be an heir as well as a legatee, Rebecca Ruppin was properly described as being an heir to her deceased husband. *Phillips v. Carpenter,* 79 Iowa, 600; *Smith v. Zuckmeyer,* 53 Iowa, 14. Of course, the fact that Herman Ruppin left a will would not be inconsistent with the description of Rebecca Ruppin as his heir, for she would be such heir regardless of whether, in view of the will, any property passed to her as heir. The inconsistency in the petition consisted, therefore, first in the averment that the plaintiff, Rebecca Ruppin, was the sole heir of her deceased husband, in view of the fact that the will was referred to, in which Ernestine Ruppin was described as his sister; and, second, in the averment that said plaintiff was the absolute owner of the property described, in view of the fact that by the will an interest in such property was devised to said Ernestine Ruppin. The

3. WIDOW as heir.

pleader, however, included in the petition an averment that Ernestine Ruppin was a nonresident alien, and it is evident that this fact was relied upon as depriving her of the character of heir, leaving the widow sole heir, and also as depriving her of the right to take under the will by devise, leaving the widow absolute owner of the property. As matter of fact this allegation must be deemed to have been true; as, indeed, it is conceded throughout the case that it was true. As matter of law it must now be conceded that the fact thus alleged did not warrant the conclusion which the pleader sought to have drawn from it; and it may further be conceded that by reason of a treaty between the United States and Mecklenburg, of which the court was bound to take judicial notice, Ernestine Ruppin was entitled to inherit from her brother, notwithstanding her alienage. 2 Blackstone, Commentaries, 249; *Stemple v. Herminghouser,* 3 G. Greene, 408; *Krogan v. Kinney,* 15 Iowa, 242; *Rheim v. Robbins,* 20 Iowa, 45. At common law an alien could take by devise under a will, subject to the power of the sovereign to declare the devised property forfeited to the crown. Underhill on Wills, section 66. And under the provisions of Acts 22d General Assembly, page 125, chapter 85, which was in force when the will of Herman Ruppin was probated, a nonresident alien might, to some extent and for some purposes, take by devise, although he was still incompetent to take by descent. *Bennett v. Hibbert,* 88 Iowa, 154.

Therefore, while the facts alleged by the pleader support his legal conclusion that the plaintiff, Rebecca Ruppin, was the sole heir of her husband, unless by reason of the treaty, it did not support the legal conclusion that the devise to Ernestine Ruppin was void. But whether or not the facts alleged did support the legal conclusion which the pleader sought to have drawn therefrom was a question to be determined by the court. It was a question which might have been raised by demurrer to the petition, or by motion in arrest of judgment. In other words, it was a question to be adjudicated, and neces-

4. FORMER adjudication: collateral attack.

sarily involved in the case made.   That it was a doubtful
question under the language of the statute will be evident
by reading the opinion of the court in *Bennett v. Hibbert,
supra,* which was announced a few months before the decree
in question was rendered, and possibly after the petition in
that case was drawn.   It may well be said that the question
whether the state statutes as to descent were controlled by the
provisions of a treaty was at that time doubtful as matter of
law, and one on which there might well be difference of opin-
ion among lawyers and judges, for the case of *Opel v. Shoup,*
100 Iowa, 407, was not decided by this court until 1896.
We have, then, to determine, in disposing of this branch of
the case, simply the question whether a decree rendered by a
court having jurisdiction in every other respect can be de-
clared invalid as rendered without jurisdiction because of an
error of law committed by the court in the determination of
questions involved in the case.   The detailed analysis we have
made of the allegations of the petition is not essential in
order to reach a satisfactory answer to this question.   It is
an elementary proposition that the adjudication by a court
of a question presented to it for decision, whether the question
be one of law or of fact, is conclusive, and cannot be set aside
or ignored on a collateral attack.   The essential allegation of
the petition was that Rebecca Ru⁣pin was the owner of the
property described, and the essential relief asked was that
her title be quieted as against any claim thereto on the part
of the defendant, Ernestine Ruppin.   The court, having
jurisdiction to determine the law and the facts as to plain-
tiff's allegation, and to award plaintiff such relief as she was
entitled to, found and determined .that she was the sole and
absolute and unqualified owner of said property as the widow
and sole heir of Herman Ruppin, and that Ernestine Ruppin,
being a nonresident alien, was not entitled to hold or own
any part of the property, either under the will of the said
Herman Ruppin or otherwise.   Certainly, this decree was an
adjudication of the very question presented to the court for
determination by the petition; and whether, as matter of

law, erroneous or not, it was binding, unless reversed on appeal, or otherwise corrected in a direct proceeding. *Wood v. Blythe,* 46 Wis. 650 (I. N. W. Rep. 341) ; *Miller Brewing Co. v. Capital Ins. Co.,* 111 Iowa, 590 ; *Reed v. Muscatine,* 104 Iowa, 183 ; *Lincoln Nat. Bank v. Virgin,* 36 Neb. 735 (55 N. W. Rep. 218, 38 Am. St. Rep. 747). And where the court has jurisdiction to enter a default, a judgment on default is as conclusive against collateral attack as any other form of judgment. *Warthen v. Himstreet,* 112 Iowa, 605 ; *Orr v. Mercer County Mut. F. Ins. Co.,* 114 Pa. 387 (6 Atl. Rep. 696) ; *Last Chance Mining Co. v. Tyler Min. Co.,* 157 U. S. 683 (15 Sup. Ct. Rep. 733, 39 L. Ed. 859) ; *Southern Pac. R. Co. v. United States,* 168 U. S. 1, 51 (18 Sup. Ct. Rep. 18, 42 L. Ed. 355) ; 1 Freeman, Judgments, section 330 ; 2 Freeman, Judgments, section 532 ; 5 Bigelow on Estoppel, page 77. The case of *Bosch v. Kassing,* 64 Iowa, 312, relied upon by appellee, is one where the defendant, against whom judgment upon default had been entered, sought in a direct proceeding to have the record corrected, and has no bearing upon the question which we are now considering ; that is, the right to collaterally attack a judgment rendered upon default for want of jurisdiction.

Some light is thrown on the question of the effectiveness of a judgment as against collateral attack by the rules which determine its effectiveness as an adjudication of the rights of the parties. If the decree in the action brought by Rebecca Ruppin was so far void as not to be binding on the defendant as a complete adjudication of any claim she may have had to the property as against plaintiff, then she might, in an independent action brought by her, have set up some different claim to the property than that attributed to her in the plaintiff's petition—such as that she was a citizen of the United States, and not an alien ; or that, being a citizen of the United States, she had purchased the property from her brother, or the like. Can there be any reasonable ground for contending that the effect of this decree reached no further than the particular alleged form of claim by her suggested

in the petition, and that therefore the decree was effective only so far as such claim was thus suggested, and was not, after all, an adjudication of title in plaintiff for all purposes? Moreover, if the decree was not binding on Ernestine Ruppin, then it was not binding upon Rebecca Ruppin, and she might, in a new action, have asserted that the property, though the legal title was in her husband, had been procured by her money, and therefore was held in trust for her, or that her husband had not sufficient mental capacity to make a will, and therefore the devise to his sister was wholly nugatory. If Ernestine Ruppin had appeared in the original action against her, and had demurred to the petition on the ground that the allegations were not sufficient in law to entitle the plaintiff to relief, then the plaintiff might, by amendment, have interposed averments such as these to establish her ownership, and they might possibly have been adjudicated in her favor. She was cut off from the right to avail herself of any other claim she may have had to the property by the default of the defendant, which admitted the justness of the claim which plaintiff had seen fit to make and rely upon, and which the court found to be sufficient. These suggestions are pertinent as indicating the necessity of sustaining to its fullest extent a decree which determines the rights of parties to a litigation. Titles to many and valuable pieces of real property in the hands of purchasers depend on the validity of decrees quieting title secured upon service by publication. To allow the sufficiency in fact or in law of the allegations of the petitions on which such decrees have been rendered to be attacked collaterally would be to render uncertain, and therefore practically valueless, all such adjudications. We are unwilling to lend the least countenance to any proposition which would have such an effect. We are convinced that the decree in question was a binding adjudication, unless it is to be set aside on account of fraud or some irregularity in procuring it.

Coming, then, to the question whether, in the case before us, there are any facts appearing in the record requiring the

setting aside of the decree quieting title in the property in

**5. VACATION of decree: ground for.** Rebecca Ruppin, we have for our guidance the proposition, well established in this state, that while a court of equity may interfere to vacate and set aside a decree and grant a new trial after the expiration of the year allowed by Code, section 4092, for seeking such relief in a court of law, yet that the grounds on which a court of equity may act are those, and only those, specified in Code, section 4091. *Lumpkin v. Snook,* 63 Iowa, 515; *McConkey v. Lamb,* 71 Iowa, 636; *Larson v. Williams,* 100 Iowa, 110. Even if this were not a question fully settled by prior decisions, we should find it difficult to imagine any case not included within the provisions of Code, section 4091, wherein a court of equity would have authority, under the established principles of equitable procedure, to set aside a judgment. It is to be noticed that the section of the Code just referred to purports to cover the whole ground of vacating or modifying judgments after the term at which they were rendered, and appears to be applicable to the granting of such relief in courts of equity as well as in courts of law.

The only grounds among those thus enumerated which seem to have any applicability to the present case are those relating to irregularity or fraud practiced in obtaining the judgment, and we have now to consider, therefore, whether any such irregularity or fraud has been shown. Plaintiff relies upon three different grounds of irregularity or fraud, as follows: First, fraud consisting in the presentation to the court of a false cause of action; second, conspiracy between the plaintiff in the original action and others to conceal from the defendant therein her rights in the premises, or mislead her with reference thereto; and, third, fraud consisting in the failure of Rebecca Ruppin and the executor of the will of Herman Ruppin and the firm of attorneys who represented both of them to advise Ernestine Ruppin of her rights, and to see that they were protected.

Fraud in pleading a statement of facts on which relief is asked may be so flagrant as to require the setting aside of

a judgment by default, but our attention is not called to any

**6. FRAUD: vacation of decree.** case in which it is held that misstatement of facts alone will warrant the setting aside of a judgment for fraud. However that may be, in this case the misstatement of fact in Rebecca Ruppin's petition was the misstatement of a conclusion drawn from the facts, and not of any evidential fact. While, in general, the petition should contain statements of fact and not conclusions of law, yet an allegation of ownership is allowed by way of exception, although it may be merely a legal conclusion. In the petition, as we have pointed out in the preceding portion of this opinion, the relationship of Rebecca Ruppin and Ernestine Ruppin to Herman Ruppin, the alienage of Ernestine Ruppin, and the fact that Herman Ruppin had executed a will were correctly stated. If there was any false statement therein, it was with reference to the conclusion to be drawn therefrom in regard to the rights of these two persons to his property. No further argument is necessary to justify the conclusion that there was no false statement, such as to constitute fraud or imposition on the court.

Evidence of any conspiracy to deceive Ernestine Ruppin is entirely lacking. One W. P. Hohenschuhe, at the request of Rebecca Ruppin, wrote to Ernestine Ruppin soon after her brother's death, advising her of that fact, and of the disposition of his property made by his will. Subsequently, before the rendering of the decree against Ernestine Ruppin on service by publication, Hohenschuhe, not at the request of Rebecca Ruppin, and without her knowledge, wrote two other letters to Ernestine Ruppin, one of them stating that before his death Herman Ruppin had conveyed all his property to his wife, the other giving her a copy of the will. There is no evidence whatever that these letters were not written in good faith, nor is there the slightest showing that Rebecca Ruppin inspired them. We infer from the findings of the lower court that this matter was gone into only as tending to excuse Ernestine Ruppin from not bringing ac-

tion within one year to attack the decree. As our conclusions are not based on the failure to bring the present action within one year, no further reference to the matter of conspiracy need be made.

The duty of Rebecca Ruppin, as life tenant, and of the executor of Herman Ruppin's will, to protect the interests of Ernestine Ruppin as remainderman, appear also to be argued rather by way of excuse for not bringing the action within one year than as affirmative ground for equitable relief against the decree. We think it hardly necessary to seriously discuss the claim that a life tenant cannot bring an action against a remainderman in which the life tenant asserts absolute title to the property without perpetrating a fraud upon the remainderman. There is no trust relation between two such parties with reference to the title to the property. Each has an independent title to his own interest. Ernestine Ruppin's rights as remainderman were not derived in any way through Rebecca Ruppin; nor could any fraud on the part of the executor in concealing Ernestine Ruppin's rights from her be charged to Rebecca Ruppin, unless the latter is shown to have participated in such fraud; and there is no such evidence before us. The fact that the same firm of attorneys represented Rebecca Ruppin and the executor would certainly not impose upon them any duty with reference to the rights of Ernestine Ruppin.

7. SAME.

We find, then, no ground for setting aside and vacating the original decree. The lower court should have rendered a decree for defendants, dismissing plaintiff's petition, and the defendants may have such a decree in this court, if they elect; otherwise the case will be remanded to the lower court for the entry of a proper judgment.—REVERSED.