VON HORST et al. v. THOMPSON et al.

(Court of Appeals of District of Columbia. Submitted November 4, 1926. Decided March 7, 1927.)

No. 4393.

1. Judgment ⬚714(1)—Iowa suit to enforce contract affecting land there situated did not estop plaintiff from subsequently suing in District of Columbia to enforce same contract as to land there located.

Where resident of District of Columbia made contract to devise farm in Iowa and house in District of Columbia to widow of his deceased son, in consideration of widow's surrender of deed to farm previously given to her husband, held, widow, by suing in Iowa to enforce the contract only so far as it affected land there situated, did not estop herself from subsequently suing in District of Columbia to enforce contract as to property there located.

2. Judgment ⬚593—Cause of action affecting land in Iowa and District of Columbia held not improperly split.

Plaintiff's bringing of suit in Iowa to enforce contract to make will, so far as it affected property there situated, and subsequent suit in District of Columbia to enforce same contract as to property within the District, held not an unwarranted splitting of her cause of action.

Appeal from Supreme Court of District of Columbia.

Suit for construction of a will by Flora B. Thompson and another, executors under the will of Dwight J. Partello, deceased, against Carita Partello Von Horst, Adeline S. Abell, and Florence Shipley Partello, in which Arthur M. Abell was substituted as temporary administrator of the estate of Adeline S. Abell, deceased. From a decree favorable to Florence Shipley Partello, the other defendants appeal. Affirmed.

C. L. Frailey, of Washington, D. C., for appellants.

F. J. Hogan, E. L. Jones, S. C. Peelle, and C. F. R. Ogilby, all of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and BARBER, Judge of the United States Court of Customs Appeals.

BARBER, Acting Associate Justice. Carita Partello Von Horst and Adeline S. Abell, the daughters, sole heirs at law, and next of kin of Dwight J. Partello, Sr., formerly of Washington, D. C., who died here testate August 13, 1920, were the original appellants here. Pending the appeal said Abell

18 F.(2d)—12

has deceased, and Arthur M. Abell, the temporary administrator of her estate, has been substituted as party herein. Said two daughters and Florence Shipley Partello were defendants below.

Appellees Thompson and White, plaintiffs below, are the executors under the will, with codicil attached, hereinafter referred to, of said Partello, Sr., which was duly probated and allowed in the District of Columbia in October, 1920. Their only interest in the litigation is as stakeholders, claiming title as trustees, by virtue of said will and codicil, to the real estate and personal property in the District involved in this suit. They file no brief, other than one stating their relation to the property in issue, and that the contentions made by appellants here are the same in substance as these executors made in the court below.

Appellee Florence Shipley Partello is the widow and sole devisee under the will of the only son and namesake of Dwight J. Partello, Sr. The son resided and died testate in Chicago, Ill., January 11, 1920. His will has been duly probated and allowed there. At the time of his son's death, a will of Partello, Sr., executed January 31, 1918, among other things, contained a paragraph stating that he had theretofore executed and delivered to Dwight J. Partello, Jr., a deed in fee simple of a 480-acre farm owned by him in Palo Alto county, Iowa, and that, in event of any question as to the validity of said deed, he confirmed the transfer made thereby and devised the farm to his said son in fee simple. In another paragraph of the will the testator devised to his said son "my house No. 5 Iowa Circle, lot 38, square 241, in fee simple, together with such personal effects of mine as may be found therein," with certain exceptions. This property is in the District of Columbia.

Partello, Sr., went to Chicago and attended the funeral of his son. Both before and immediately after the funeral he expressed a desire to obtain possession of the unrecorded deed of the farm in Iowa, as a result of which search therefor was instituted and the deed found. He then requested his son's widow to deliver the deed to him, representing to her, among other things, that she would find difficulty in establishing her title to the land described therein, and that he desired possession of that farm until his death. Mrs. Partello was unwilling to surrender the deed, and thereupon together they went to an attorney's office, and there entered into an oral agreement which resulted in the execution by him

on the same day, January 15, 1920, of a codicil to his will, the relevant part of which is as follows:

"On account of the death of my dear son, Dwight J. Partello, Jr., on January 11, 1920, I hereby give, devise and bequeath to the beloved wife of my said son, Florence Shipley Partello, the house and lot owned by me in Washington, D. C., known and described as No. 5 Iowa Circle, the legal description of said land being lot thirty-eight (38), square two hundred forty-one (241), in said city of Washington, and the contents of said house heretofore devised in said will to my said son, Dwight J. Partello, Jr.; also my household furniture and personal effects at present in the city of Berlin, Germany, Europe, also heretofore devised in said will to my said son.

"I also give, devise and bequeath to my said daughter-in-law, Florence Shipley Partello, the farm now owned by me in Palo Alto county, Iowa, consisting of four hundred eighty (480) acres provided I have not sold or disposed of said farm prior to my death. In case of the sale of said property prior to my death it is my intention that the proceeds from the sale of said farm shall be given to my said daughter-in-law in my lifetime. In the event of the sale by me of said farm and my inability or failure to give her the proceeds thereof, during my lifetime, it is my will and I hereby give, devise and bequeath to my said daughter-in-law, Florence Shipley Partello, the proceeds from the sale of said farm."

Thereupon Mrs. Partello delivered to him the deed and he returned to Washington. Her claim in this suit is that the oral agreement between them was that Partello, Sr., should devise and bequeath to her all the property described in the foregoing codicil, and that the same was executed by him, and the deed delivered to him by her, pursuant to such agreement. This codicil, however, was not attached to his will.

On the 22d day of January, 1920, at Washington, Partello, Sr., executed and attached to his will a codicil, which made no reference to the previous one, but, in effect, devised to Mrs. Partello only one-third of the price at which the Iowa farm might be sold by his executors, and did not devise to her any interest in the Iowa Circle property in Washington.

Thereupon, early in 1921, Mrs. Partello brought a suit in equity in the Iowa court, within whose jurisdiction the Iowa farm was, against said executors of Partello, Sr., his daughters and their husbands, setting up,

among other things, that she had delivered to Partello, Sr., the said deed, relying upon his oral agreement with her to execute a codicil to his will bequeathing the Iowa farm to her, and that he did thereupon execute such codicil. The petition prayed the specific performance of such agreement, that the title to said farm be quieted in the petitioner, and that the defendants be enjoined from asserting any title adverse to her therein.

All the named defendants appeared in the Iowa court, submitted to its jurisdiction, and answered, denying the material allegations of the petition. Further proceedings were had in due course, as a result of which the court found the material facts as alleged in the petition; that the petitioner was the absolute owner in fee of the Iowa farm; and decreed that "title in and to said premises is hereby quieted in the plaintiff against any and all claims, right, title, or interest of the defendants and each of them," and enjoined them, each of them, and all persons claiming under them, and each of them, from asserting any title or interest therein adverse to the plaintiff.

The pleadings in the Iowa case are set forth in the record here. No reference therein is made to any agreement between Mrs. Partello and Partello, Sr., concerning the Iowa Circle property here. In other words, the Iowa litigation was confined wholly to the property there and the agreement relating thereto. The decree of the lower court was affirmed in the Supreme Court of Iowa in Partello v. White, 197 Iowa, 24, 196 N. W. 719, decided in January, 1924.

Partello's said daughters, in September, 1921, filed a caveat in the Supreme Court of the District, attacking the last will and testament, including said codicil, of January 22, 1920, upon various grounds, as a result of which, in September, 1922, an agreement in writing was entered into between themselves, the said executors, and other parties in interest, but not Mrs. Partello, who was not in any way a party thereto, under which the executors were directed and agreed to bring a suit in equity in the Supreme Court of the District of Columbia, for the construction of various provisions of said will and codicil of January 22, 1920. In the agreement cognizance was had of the Iowa suit then pending, and Partello's said daughters agreed to indemnify and save harmless said executors, as such and as individuals, from any loss, cost, damage, or claim accruing against them therein.

Pursuant to that agreement this suit was brought. The bill herein refers to the Iowa litigation, states that while the evidence therein tended to prove that the agreement between Mrs. Partello and Partello, Sr., only required that he should devise to her the Iowa farm, yet nevertheless, through her counsel she had informally asserted to the plaintiffs that she was entitled to the Iowa Circle property and the personal and household effects therein, and that, although said claim was untenable and inconsistent with the evidence offered in the Iowa suit, yet, for the protection of the plaintiffs in the litigation here, she should be named as defendant. She was so named, has appeared, answered, asserted her right to the Iowa Circle property by virtue of said oral agreement, and, by way of bill for affirmative relief, asked that it be adjudged and decreed to her.

After hearing the parties and witnesses, the court below decreed that the executors hold title to the Iowa Circle real estate in the District of Columbia, a hunting case gold watch, a three-stone diamond ring, and also rentals which have accrued from said property, as trustees for Mrs. Partello, and ordered and directed them to execute and deliver to her all deeds and instruments necessary to carry out the provisions of the decree, and vest absolute and fee-simple title thereto in her, and to pay over to her the net rentals from said property which have accrued since the death of Partello, Sr., and for her costs.

It is agreed that the questions presented by the record here are:

(1) Was there any contract between Partello, Sr., and the appellee Florence Shipley Partello, whereby the former, in consideration of the delivery to him of the deed to the farm in Iowa, agreed to devise to her the Iowa Circle property in Washington and its contents?

(2) If there was such an agreement, is the appellee Partello, by reason of her suit in Iowa and the averments made in her pleadings there, and by the evidence and the decree of the court therein, estopped in this suit from asserting and establishing any claim to the Iowa Circle property?

Appellants have discussed in much detail the evidence, claiming it does not support an affirmative answer to the first question. To consider the same here in like detail would extend this opinion to an unnecessary length. Suffice it to say that we are satisfied, upon full consideration thereof, that the fair preponderance of the evidence justifies and re-

quires that the first question be answered in the affirmative.

[1] As to the second question, it is contended that it was incumbent upon Mrs. Partello to allege and litigate in Iowa that said oral agreement was that he should, by the codicil to his will, devise to her, not only the farm in Iowa, but also the Iowa Circle property, and that, failing so to do, she is now estopped from relying upon and enforcing that part of the agreement, if there were such, which related thereto. We are of opinion this contention is unsound. The plaintiff and defendants in the Iowa suit were nonresidents there. The only thing that gave that court jurisdiction was the fact that the land was there. It is true that the action was brought and disposed of as a bill to compel specific performance; but it was, nevertheless, in effect, a proceeding in rem. Arndt v. Griggs, 134 U. S. 316, 10 S. Ct. 557, 33 L. Ed. 918; Ruppin v. McLachlan, 122 Iowa, 343, 98 N. W. 153; Kean v. Rogers (Iowa) 118 N. W. 515; Boswell's Lessee v. Otis et al., 9 How. (50 U. S.) 336, 13 L. Ed. 164. In the last cited case it is said:

"A bill for the specific execution of a contract to convey real estate is not strictly a proceeding in rem, in ordinary cases; but where such a procedure is authorized by statute, on publication, without personal service of process, it is, substantially, of that character."

The Iowa court would have had no jurisdiction whatever to quiet the title in the plaintiff there to land here, if her petition had asked for that relief, and any decree of that court so attempting would have been innocuous. When that suit was brought, the plaintiff could not know whether or not the defendants would appear, unless there was a prior agreement between the parties to that effect, which is not claimed. How they were notified of that suit does not appear. Presumably it was by some substituted service provided by the law of Iowa concerning which no question is made. The appearance of the defendants there could not change the nature of the suit, and could not require Mrs. Partello to claim or litigate any issue there other than that involving the Iowa property, and the jurisdiction of that court to determine that issue was not affected or changed by the defendants' appearance.

But it is argued that, had she put in issue in the Iowa court the existence of the entire oral contract between herself and Partello, Sr., the judgment of that court would have concluded the parties here, who were de-

fendants there, and, if it had been in her favor, that the court there could have compelled obedience to its decree by contempt, attachment, or sequestration. It is obvious that, inasmuch as all the defendants there were nonresidents, and as it is not claimed they had property in Iowa, any of the suggested remedies might have been unavailing. Although a judgment there in her favor might have been invoked here as estopping the defendants there from contesting her rights to the property here, such judgment would have conveyed no title to Mrs. Partello to the property here. Fall v. Eastin, 215 U. S. 1, 30 S. Ct. 3, 54 L. Ed. 65, 23 L. R. A. (N. S.) 924, 17 Ann. Cas. 853. In this case it is said:

"But, however plausibly the contrary view may be sustained, we think that the doctrine that the court, not having jurisdiction of the res, cannot affect it by its decree, nor by a deed made by a master in accordance with the decree, is firmly established."

Summed up, the claim of appellants is this: That it was the duty of Mrs. Partello to litigate in Iowa her title to land not within the jurisdiction of that court, and whose judgment and decree in her favor as to such land would be inoperative to vest title thereto in her, failing which she is estopped in this suit. We are clear that such is not the law. She was strictly within her rights in proceeding as she did in the Iowa court.

As was said in Cromwell v. County of Sac, 94 U. S. 351, 24 L. Ed. 195, where estoppel of a judgment was claimed, " * * * the inquiry must always be [limited] as to the point or question actually litigated and determined in the original action, not what might have been thus litigated and determined."

[2] It is contended that the rule that a party cannot split his action and bring separate suits for different parts of the same demand, is applicable here. This court in Tribby v. O'Neal, 39 App. D. C. 467, speaking of that rule, said: "The test, we think, is whether the remedies pursued in two or more suits could have been included in one."

It is clear that in the Iowa case Mrs. Partello could have had no decree that would convey title in her to land in the District of Columbia, and equally clear that in this suit, if the litigation there had not been had, she could receive no decree vesting title to her in the land in Iowa.

It follows that the second question must be answered in the negative, and the decree below affirmed, with costs.

Affirmed.