## CUMMINS, et v KINSINGER

Ohio Common Pleas, Butler County
No. 39160. Decided, May Term, 1931

H. R. Reigart and W. C. Shepherd, attorneys for the Plaintiffs.

Kimball Scott and Andrews, Andrews & Rogers, Attorneys for the Defendant.

BOYD, J.

This is an action for the possession of the real estate and for an accounting for the rents, issues and profits of the premises described in the petition and is submitted to the court upon an agreed statement of facts.

Samuel Kinsinger claims the ownership of the farm, described in the petition, by deed from James C. Cummins and Estella C. Cummins, dated February 2, 1914 and marked "Defendant's Exhibit No. 1."

The plaintiffs claim that the title to said real estate is vested in them with the exception of Estella C. Cummins, claiming they are all the heirs of the body of James C. Cummins, grandson of James Cummins, deceased.

That the father of these plaintiffs brought a suit to contest the validity of a will and that a judgment had been rendered thereon setting aside the will but that certain of the children who were alive at that time, and who are numbered among the plaintiffs in this case, were not made parties to the will contest.

Counsel in the case agree that no service having been made upon the heirs of James C. Cummins and George Cummins, the suit to set aside the will as to these infants was absolutely void and the only question the court has to decide is whether or not a judgment of the Common Pleas Court in case No. 23,135, James C. Cummins, et al, plaintiffs, v George C. Cummins, et al, defendants, setting aside the last will and testament of the testator without the intervention of a jury is void or voidable, the defendants claiming that the court had jurisdiction to hear the case and its conclusion, although based upon a mistake of law has never been appealed from and is to be given full force and credit.

The action in which this judgment was rendered is claimed by the defendants that the defendants filed a suit asking in the petition for the title to be quieted in the petitioner.

The plaintiffs claim that the judgment in the suit to quiet title was absolutely null and void and of no effect and in no way affected the title of the plaintiffs to the farm described in the petition in the case at bar.

They further claim that Samuel Kinsinger could not have been a purchaser in good faith because the records in the suit to quiet title show on their face that the court had no jurisdiction and that there was a defect in the title due to the failure to make the plaintiffs parties in the suit to contest the will of James C. Cummins, deceased.

The defendant relies upon the case of Bearss v Corbett (Ind. 1927) 158 N.E., 299, which was an action to quiet title, where the court held that a judgment in that particular case was rendered by a court of competent jurisdiction; that it was binding until the judgment is appealed from or reversed and could not be collaterally attacked no matter how erroneous such a judgment or decree may be. The court thinks that that is good law.

In the case of Ruppin v McLachlon, 122, Iowa, 343; 98 N.W., 153, where the same holding is shown by the report. The Indiana case was an action to construe a deed and the Iowa case was an action to construe a will.

The rule as laid down by our Supreme Court in **State ex rel Hawke, v Le Blond, 108 Oh St page 126,** in the fourth syllabus is as follows:

"Where the court has jurisdiction of the parties and the subject matter, and its judgment is not null and void by reason of being beyond the power and authority of the court to enter, such judgment is not open to collateral attack in an independent proceeding."

See R. C. L. Vol. 15, Page 853, 854, §327, §328.

It also seems to be well settled that in addition to jurisdiction of the parties and the subject matter it is necessary to the validity of a judgment that the court should have jurisdiction of the question which its judgment assumes to decide and jurisdiction to render a judgment for the particular remedy or relief which the judgment undertakes to grant. A judgment not authorized by law is void.

C. J. Vol. 33, page 1076, §37.

In the case of **Russell, Adm. v The Fourth National Bank, 102, Oh St 248,** the third syllabus is as follows:

"Although a court may have jurisdiction of the parties and the subject matter in an action it cannot transcend the power legally conferred on it."

The Supreme Court in that case held that the Court of Appeals has no power to render a final judgment except where the ultimate controlling facts are conceded or where a finding of them has been made by the trial court, and that the judgment of the Court of Appeals was absolutely void because it

had exceeded its power. Our Supreme Court in the case of **State, ex rel Mentzer, 119 Oh St 558,** has held that a decision of a jury rendered in an election contest where there was a defect in the notices required by law is void and subject to collateral attack.

The plaintiffs claim that the proceedings of a court are wholly void where the court in the absence of a lawful jury attempts to try the cause when without a jury it had no jurisdiction to proceed to trial and to enter judgment. Cite R. C. L. Vol. 15, page 846, §319.

**Sec 12082 GC** provides:

"An issue must be made up either by pleadings or an order on the journal whether or not the writing produced is the last will or codicil of the testator which shall be tried by a jury. The verdict shall be conclusive unless a new trial be granted or the judgment is reversed or vacated."

It is contended that a will contest must be tried to a jury and that a court has no jurisdiction to try a will case itself. **Cooch v Cooch, 18 Ohio, 146. Walker v Walker, 14 Oh St 157. Wagner v Ziegler, 44 Oh St 59.**

The statute in force at present is practically the same as it was in 1876 when the case of **Mosier v Harmon, 29 Oh St at page 220,** was decided by the Supreme Court of Ohio. The second syllabus is as follows:

"The mode of contesting the validity of a will thus admitted to probate, as provided by §24 of the Probate Act, and §9 of the Wills Act, is conclusive."

The court at page 225 of this case says as follows:

"Prior to the adoption of this section and the Code of civil procedure, the only mode of contest was by a bill in chancery, in which an issue was directed to be tried by a jury."

Next to the last paragraph in this case is the following:

"While an instrument in the form of a last will and testament, that has been probated and recorded as a will, whether it is truly such or not, is permitted to remain unimpeached, the nineteenth section above quoted gives it the effect of a valid will, which, if not contested within the time limited, will become binding as such forever."

"We are therefore of the opinion that the only mode of contesting the validity of a will that has been admitted to probate, is that provided by the two sections last above quoted. If those interested neglect to pursue the mode of contest there pointed out, the considerations above noticed drawn from the sections quoted, require that their rights should be forever barred."

In the case of **Hollrah v Lasance, 63, Oh St at page 64,** Judge Shauck, Chief Justice, says:

"With reference to the same subject it is provided in §5933 Revised Statutes, that 'If no person interested shall within two years after probate had, appear and contest the validity of the will, the probate shall be forever binding', with a saving in favor of persons under disabilities."

"These provisions require the conclusion that the contest in the Court of Common Pleas authorized by §5858 is the only mode of revoking an order admitting a will to probate."

The Court of Appeals in New York in the Knickerbocker Trust Company v C. R. S. Ry. Co., 201, N. Y. Page 397, 94 N.E. 871, state the rule as follows:

"The general rule is that a judgment or decree of a court which has jurisdiction of the person and subject matter is binding until reversed and cannot be attacked collaterally. This general principal may be conceded, but the general rule quoted is subject to this qualification which obtains not only in criminal cases, but also in civil cases, viz: 'that the court must have power to render the judgment made by it'."

Counsel for the defendant cites the case of **Stewart v Kellough, 104 Oh St 347** and states that that is conclusive of the present litigation.

This is a case of a will contest where the will was set aside by the verdict of a jury by fraud on an infant and the court held that there was nothing in the record of the will contest to show any fraud and that there was nothing in the records to give the public notice that the judgment was invalid, and that they had a right to rely upon the records for protection.

The plaintiff contends that Samuel Kinsinger could not have been an innocent party for the reason that the public record of the will contest shows clearly on its face that the will was not set aside as to these infants by a verdict of the jury. It was ordered set aside by a decree of Common Pleas Court. In other words the will was not set aside in the manner prescribed by law.

Our own Court of Appeals in the case of **Perrin v Perrin, 18 Oh Ap, page 467,** by the syllabus states as follows:

"The trial court is without power to dismiss an action to contest a will after the issues have been made up."

The court thinks the question as to whether or not the action of the Court of Common Pleas in setting aside the will without the intervention of a jury to determine the issue as to the validity of a will in question is void or voidable, is determined by the law giving the jurisdiction to that court.

The constitution of Ohio itself confers no jurisdiction whatsoever upon the Common Pleas Court either in civil or criminal cases. It merely gives that court capacity to receive jurisdiction which shall be fixed by law. See **Hess v Devon, 112 Oh St 1.**

The Ohio constitution declares, Article 4, §4, as follows:

"The jurisdiction of the Court of Common Pleas and of the judges thereof shall be fixed by law."

Its jurisdiction is statutory. See 11, O. Jur. Pru. page 831.

The jurisdiction being statutory then according to the decisions the method of setting aside a last will and testament is restricted by statute.

The claim of the defendant is that the court had jurisdiction over the persons, the subject matter and power to determine the issues.

So in the action to quiet title, while the court had jurisdiction of the property and the parties, yet according to the case of **Madden, Exr. v Shallenberger, 121, Oh St page 401, 169 N. E. 336,** the court had no jurisdiction in excess of that held by the statute. The third syllabus of that case is as follows:

"Sec 12079 to §12087 GC, inclusive, afford the exclusive mode of setting aside a last will and testament."

This was an action where the plaintiffs invoked the jurisdiction of a court of equity for the purpose of securing a decree authorizing the settlement of a suit threatening the existence of a trust estate sought to drag in its wake a jurisdiction to decree a substitution of a contract between the heirs at law and the beneficiary under a will, for and in the place and stead of the will and a decree that the estate be administered in pursuance to such contract instead of in pursuance to a testamentary trust.

The court held at page 407 that the court had no jurisdiction to set aside a will.

The Legislature of Ohio prescribes the manner in which and the means by which a will may be set aside and the courts hold that that method is the exclusive method by which a will may be set aside or a will contest disposed of.

It is the opinion of the court that the Court of Common Pleas had no power to hear and determine the question presented to it in the suit to quiet title and to set aside the will.

The jurisdiction granted to the court having been exceeded by the court in assuming jurisdiction to hear and determine the question before the court beyond the powers delegated to the court by statute, is in the opinion of the court void and is a nullity.

See **11 Ohio Jur. P. page 673;** also see **McCleary v McClain, 2 Oh St pages 368 and 369;** also **Nicholason v Roberts, 4 O. N. P. page 43; 6 O. D. (NP) page 233.**

Decree may be prepared accordingly.