## JOHNSON V. BRANCH.

NEW TRIAL: *When ordered in equity in a case at law.*

> Equity will not order a new trial of a cause at law solely upon the ground of error in the judgment, and that the law court adjourned before a motion for new trial could be made and disposed of there. Unless the judgment is against conscience, a court of equity will not meddle with it.

APPEAL from *Monroe* Circuit Court, in Chancery.
Hon. M. T. SANDERS, Judge.

*S. J. Price*, for appellant.

1. In this case there was neither fraud, accident, mishap nor mistake, to bring it within the rule of *35 Ark., 123, or 40 ib., 338.*

2. Plaintiff was not so aggrieved by the verdict and judgment as to entitle her to a new trial. As to all persons except the mortgagee, Counts was the legal owner and had a right to make the lease to Johnson. *Jones on Mortgages, sec. 11.*

By notifying Johnson in writing to attorn to her, after she had purchased from Counts, by settling with him for the rent of 1881, according to the terms of the lease, and giving her receipt in writing therefor, and by allowing him to continue to make valuable improvements on the place, she is estopped from denying a ratification thereof. *11 Ark., 264; Bigelow on Estoppel, 479, 492, 504, 509; 33 Ark., 465.*

*John C. Palmer*, for appellee.

The appellee's intestate having by accident and mishap

beyond her control, lost her right of appeal in a case at law, brings her within the rule in *40 Ark., 338, and 35 ib., 123*. The only question then is: Did intestate have a good cause of action against the appellant, and was she prejudiced by the judgment of the court.

The mortgage from Counts made the intestate the legal owner of the land, and Counts was only a tenant upon condition, until condition broken, and then a tenant at will. *Coote on Mortg., p. 319; Hilliard Mortg., p. 164; 1 Jones Mort., sec. 11.*

Her acceptance of rent, past due, bound her to nothing, as it was but the payment of a debt she had a right to receive. Appellant had no writing from intestate, nor from anyone authorized by her. The right of appellant to occupy the land for any particular time or term is settled by *Mansf. Dig., sec. 3371, subdivision 5*.

COCKRILL, C. J. This is an appeal from a judgment in equity, directing a new trial in an action at law.

1. NEW TRIAL: When ordered by chancery court in case at law. It was shown that there was no opportunity afforded the party against whom the judgment was rendered to move for a new trial, because the court adjourned and the term lapsed before the motion could be made and disposed of. This was such an accident as would give jurisdiction to a court of equity to grant relief, provided the party complaining was otherwise entitled to it. *Valentine v. Holland, 40 Ark., 338; Harkey v. Tillman, ib., 551.*

The accident alone does not warrant the interference of equity. The judgment must appear to give the winning party an advantage which a court of equity would not permit him to hold, in order to warrant its extraordinary interference with the proceedings at law. It grants relief against judgments in aid of justice, not as a recompense for the accident; and, although the law court may have

committed error upon the trial, if the judgment is not against conscience, it will not meddle with it. (*Cases sup.*) The accident, or some other ground of equitable interposition, and the injustice of the judgment, must concur.

In this case the appellant, Johnson, who was the defendant below as well as in the action at law, took a lease of lands which were subject to a prior mortgage. The appellee's intestate, Mrs. Branch, was the mortgagee, and after the lease had been executed by her mortgagor, she purchased the equity of redemption in satisfaction of the mortgage. Johnson attorned to her, paid her the rent called for by his lease for two years, repaired the fences and recovered the building as required by its terms, and made other valuable improvements upon the land, the benefit of which could not have enured to him except by occupation for the full term of his lease ; but, two or three years before the term expired, Mrs. Branch brought an action of unlawful detainer against him, and had him evicted under a writ of possession issued at the institution of the action. The defense offered was that the plaintiff by her conduct had affirmed or adopted the terms of the lease executed by the mortgagor while in possession.

Mrs. Branch accepted the issue tendered, and the preponderance of the proof as we have it, tended to establish the truth of the answer. The plaintiff asked, and the court gave, the following charge to the jury :

" The jury is instructed that after the mortgage was executed by Counts (Johnson's lessor) to Mrs. Branch, the legal title and estate was in Mrs. Branch, and that any lease made by Counts after the mortgage, was void as against the plaintiff, *unless they believe the plaintiff ratified it.*"

And, again : " The jury is instructed that before the plaintiff could accept or ratify the lease from the mort-

gagor to the defendant, the plaintiff would necessarily be compelled to know what was contained in the lease, and if the jury believe that plaintiff did not know what was contained in said lease, they must determine from the evidence whether there was a ratification of it by the plaintiff."

These instructions show the ground selected by Mrs. Branch to meet the defense and maintain her action.

The issue was resolved against her, and judgment was rendered against her for restitution of possession of the premises and damages. The position now taken for the first time by Mrs. Branch's counsel is, that nothing less than an agreement of lease in writing could satisfy the statute of frauds, and that no such agreement having been proved, no defense to her action was presented. We do not think it is necessary to determine whether the conclusion drawn follows strictly from the premises stated. It has been ruled in New York that the simple attornment by the lessee of the mortgagor to the mortgagee, or one standing in his right, is a continuation of the existing lease, that the effect is simply to put the latter in the place of the original landlord. *Austin v. Ahearne, 61 N.Y., 6, see note 5; 1 Taylor Land. and Ten., p., 132, 8th Ed.*

But whatever may be the correct determination of that question, we feel assured that the judgment at law upon the whole is nevertheless right. If the appellee's contention is correct, that the attornment of Johnson to Mrs. Branch was equivalent to an eviction under a paramount title, and reletting of the premises by her, still as the jury have settled it that the new tenancy was in fact upon the terms and conditions of the old one, her representative is in no better condition than if she had entered into a parol agreement to lease the land for a term of years, let the lessee into possession, and permitted him to make valu-

able improvements under it. *Morrison v. Peay, 21 Ark., 160*, was such a case, and this court refused to allow the lessor to dispossess the tenant, holding that possession and making permanent improvements under the agreement, took it out of the operation of the statute of frauds. The court quotes this language with approval: "A party who has permitted another to perform acts on the faith of an agreement (of lease in parol) shall not insist that the agreement is bad, and that he is entitled to treat those acts as if it had never existed." See *Gartside v. Outley, 58 Ill., 210*.

It is true that case was in equity and this is at law. But when an equitable defense is presented, and the trial of the issue is had at law without objection, it is not error for reversal upon appeal to this court. *Moss v. Adams, 32 Ark., 562; L. R. & Ft. S. Ry. v. Perry, 37 ib., 164*.

But so jealously is a bill for a new trial watched, that error in the trial at law which would cause a reversal of the jugment on appeal, would be disregarded in equity.

It was error, therefore, to undertake to grant the relief sought.

The decree is reversed and the bill dismissed.