## WHITEHILL V. BUTLER.

NEW TRIAL: *Bill for: When equity will grant.*

A bill for a new trial at law is not sufficient which merely shows that an accident has deprived the complainant of the benefit of a motion for a new trial based on technical errors, though they might be sufficient to warrant a reversal on appeal. The merits of the controversy must be disclosed by stating the substance of the evidence, and it must appear therefrom that such injustice has been done that it would be contrary to equity and good conscience to allow the judgment to be enforced.

APPEAL from *Jefferson* Circuit Court in Chancery.

JOHN A. WILLIAMS, Judge.

*X. J. Pindall* and *D. A. Gates*, for appellant.

Having lost the benefit of his motion for a new trial, without fault, appellant was entitled to relief in equity. 35 Ark., 123.

Oral proof was admitted, when the deed should have been produced. Gr. Ev., 1 vol., sec. 82, (14th ed.)

The court erred in its instructions to the jury, and the verdict was influenced by these erroneous instructions, and the incompetent parol testimony admitted. A new trial should have been granted. See 35 Ark., 123.

Appellant was made to pay a year's rent for a day or two's use, and for damages for cotton not affected by the suit, and for rent of land that did not belong to appellee, and it is inequitable for appellee to keep it. 40 Ark., 338.

*Harrison & Harrison*, for appellee.

The evidence is not set out in the complaint, nor what it tended to prove, and this court cannot determine the sufficiency of the motion for the new trial. See 2 Storey Eq. Jur., sec. 894. There is no showing that injustice has been done. Ib., sec. 896; 1 Sch. & Lef., 204; 7 Cr., 336-7; 1 John. Chy., 465; 4 Rand., 125.

The failure to obtain a new trial or appeal alone is not sufficient; injustice must appear; mere errors of the court not sufficient; if the judgment is not against conscience it will not be interfered with. *Johnson v. Branch*, 48 Ark.; 40 Ark., 338; Ib., 551.

No such case or showing is made as the courts require.

COCKRILL, C. J.

Whitehill sued Butler in the circuit court to recover an amount due on account. Butler admitted the amount claimed, but filed a set-off and asked for judgment over against Whitehill. There was a jury trial, which resulted in a verdict and judgment in favor of Butler. Whitehill moved for a new trial, but his motion, as the complaint alleges, was continued by the court, for action to a special adjourned term, which was never held, and so his remedy at law for relief against the judgment was lost. He brought this suit in equity for a new trial. In addition to the facts above stated his complaint set forth the pleadings in the action at law, the court's charge to the jury, and an allegation that the court had admitted in evidence at the trial certain oral proof

Whitehill v. Butler.

of the title to lands for the use and occupation of which Butler sought to recover against him. The history of the case is very meagerly set out and no statement of the evidence upon which the verdict was based is attempted. The appeal is from the judgment dismissing the complaint upon demurrer.

The loss of the remedy at law for relief against the judgment unmixed with laches upon the appellant's part, coupled with the admission of the evidence alluded to, and one or more inaccurate statements of the law in the charge to the jury, are relied upon for a new trial in equity.

But it is not enough to warrant the extraordinary interfer- New Trial: ence of equity with a judgment at law, that an accident has When equity will grant. prevented the losing party from pressing a motion for a new trial based upon technical errors occurring at the trial; even though they might be sufficient to warrant a reversal on appeal. *Johnson v. Branch*, 48 Ark., 535. A party who has obtained judgment after a full investigation of the controversy by a competent tribunal will not be forced by a court of equity to submit to a new trial unless justice imperatively demands it. It must clearly appear to that court that it would be contrary to equity and good conscience to allow the judgment to be enforced, else it declines to impose terms upon the prevailing party. *Johnson v, Branch, supra*, and cases cited therein. Note 3 to *Dugan v. Cureton*, 1 Ark. Annotated Report, * 44. *Crim v. Handly*, 94 U. S., 652.

In this case we are not put in possession of the merits of the controversy. We indulge the presumption that the judgment which is attacked is a fair and correct settlement of the matter in dispute until it is controverted by proof, or allegations, which on demurrer stands in lieu of proof. Conceding that error was committed upon the trial, it was certainly

not of such a character as to stamp unfairness upon the judg-
**Bill for new trial.** ment so as to demand the interference of equity. The substance of the evidence upon which the court and jury acted, should be presented to the chancellor, when the application for a new trial is made to him, in order that he may judge for himself of the fairness of the result reached. *McCabe v. Paine*, 37 Ark., 455. Upon consideration of the proof it may be apparent that the errors complained of are not prejudicial, and that the judgment upon the whole record is right. Every intendment to the contrary must be overcome before equity will interfere. A judgment at law will not be disturbed by equity when it does substantial justice between the parties, (*Gibson v. Armstrong*, 32 Ark., 438), even when the defendant has been prevented by unavoidable casualty from making his defence. *State v. Hill*, 50 Ark., 458. The appellant failed to make it appear that injustice had been done him, and the judgment is affirmed.