[Filed June 24, 1891.]

## R. H. GALBRAITH *v.* T. BARNARD.

EQUITY JURISDICTION—REMEDY AT LAW.—There must always exist some substantial reason to authorize a court of equity to take cognizance of a cause which has already been determined at law.

IDEM—FRAUD—ACCIDENT—MISTAKE.—When a party has had full opportunity to be heard and make his defense before a verdict is found and judgment is rendered thereon against him, equity will not assist him and grant relief after such verdict and judgment, unless obtained by fraud, accident or mistake, unmixed with any fault on his part.

IDEM—ERRONEOUS JUDGMENT.—It is not enough that the judgment at law may be wrong, but some equitable circumstance also must be shown to exist to warrant the interference of equity. The failure to obtain a new trial, or to effect an appeal from accident alone, is not sufficient to warrant

the interference of equity with the judgment, unless injustice or hardship is made to appear, or some other ground of equitable interposition, so that it would be contrary to equity and good conscience to allow the judgment to be enforced.

Gilliam county: L. R. WEBSTER, Judge.

Plaintiff appeals. Affirmed.

*Mays, Huntington & Wilson*, for Appellant.

*A. S. Bennett*, for Respondent.

LORD, J.—This is a suit in equity to enjoin the enforcement of a judgment, rendered in a justice's court in favor of the defendant and against the plaintiff. The facts are these: The plaintiff commenced an action in the court aforesaid to recover from the defendant the value of a heifer, alleged to have been converted by him, upon which issue was joined and the cause tried before a jury, which resulted in a verdict and judgment for the defendant for his costs and disbursements.

The judgment was entered on the twelfth day of November, 1888, and it is alleged that on the thirtieth day of November, 1888, the justice before whom the cause was tried, resigned, and the said office remaining vacant for some time, he was prevented thereby from perfecting his appeal. It also appears that within the time allowed by law, the plaintiff prepared and served his notice of appeal, and presented the same, together with a duly executed and proper undertaking, to stay proceedings therein, but the justice having at the time stated resigned his office, and the office being vacant, and no one to act in the premises, he lost his right of appeal without any fault on his part.

Under the code an appeal may be taken to the circuit court from a judgment given in a justice's court within thirty days from the date thereof. (Hill's Code, § 2118.) According to the facts, from the date of the rendition of the judgment and its entry until the resignation of the justice, of the thirty days within which an appeal may be taken, eighteen of such days were permitted to elapse

before any effort was made to perfect the appeal. Upon this state of facts, the plaintiff contends that having lost his right of appeal from the judgment rendered in the justice's court, without any fault on his part, but by unavoidable accident, he is entitled to the aid of an injunction to prevent the enforcement of such judgment, and to a new trial of the cause.

It is to be noted that a complaint for a new trial is watched by equity with extreme jealousy. There must always exist some good and substantial reasons to authorize or justify a court of equity in taking cognizance of a cause which has already been determined at law. "Whenever a party," says Mr. Freeman, "asks a court to grant him a new trial, he must show some reason for not getting it at law." (Freeman on Judgments, § 506.) Some ground for equitable relief must be shown, for a court of equity possesses no supervisory powers, and cannot assume to act as an appellate court to correct judgments at law, although manifestly erroneous. If the judgment rendered is not inequitable as between the parties, no matter how irregular the proceedings may be, a court of equity will not interfere. (10 Am. & Eng. Ency. Law, 898.)

The principle is fundamental, that when a party has had full opportunity to be heard and make any defense he may have before a verdict and judgment is rendered against him, equity will not aid him and grant relief after such verdict and judgment, unless obtained by fraud, accident or mistake, unmixed with any fault on his part. A judgment at law ought to be conclusive on the matter in dispute, both as settling the rights of the parties, and to put an end to litigation, unless it affirmatively appears that such judgment is wrong and that it would be against equity and good conscience to have it enforced. It is not enough that the judgment may be wrong, but some equitable consideration also must be shown to exist to warrant the interference of equity. The facts alleged show that the justice's court had jurisdiction; that both parties appeared before it and joined

issue; that a trial was had by a jury and that the verdict and judgment was regularly found and entered.

All this tends to show that the judgment was right, and the rights of the parties legally determined. There is no suggestion that the trial was unfair, or that the court erred in the admission or rejection of evidence, or in any of its rulings, or that the verdict or judgment was obtained by fraud, or by any act of the prevailing party, or that the plaintiff was prevented from making any defense to the action, or in any way whatever prevented from fully and fairly presenting his case to the jury and the court.

So far, there is nothing to warrant even the inference that there was any failure of justice, or that any injustice had been done by the verdict and judgment. The plaintiff puts himself upon the bare proposition, that having lost the benefit of his appeal by accident, he may properly seek relief in equity, without regard to whether or not the trial already had was fair, or the judgment rendered therein was against equity and good conscience. But accident alone is not sufficient; there must be some failure of justice from the accident—some circumstances of hardship or fraud, as the case may be,—to warrant the interference of equity.

In *Johnson* v. *Branch*, 48 Ark. 535, it was shown there was no opportunity afforded the party against whom the judgment was rendered to move for a new trial, because the court adjourned and the term lapsed before the motion could be made and disposed of, and the court says: "This was such an accident as would give jurisdiction to a court of equity to grant relief, provided the party complaining was otherwise entitled to it. The accident alone does not warrant the interference of equity. The judgment must appear to give the winning party an advantage which a court of equity would not permit him to hold, in order to warrant the extraordinary interference with the proceeding at law. It grants relief against judgments in aid of justice, not as a recompense for the accident; and although the law court may have committed error upon the trial, if the judg-

ment is not against conscience, it will not meddle with it. The accident, or some other ground of equitable interposition, and the injustice of the judgment must concur."

Again, in *Whitehill* v. *Butler*, 51 Ark. 343, when there was a loss of remedy at law without any negligence on the part of the complainant, as well as some inaccurate statements of the law in the charge to the jury, coupled with the objection to the admission of certain evidence, but the merits of the controversy were disclosed, COCKRELL, C. J., said: "But it is not enough to warrant the extraordinary interference of equity with a judgment at law, that an accident has prevented the losing party from pressing a motion for a new trial based upon technical errors occurring at the trial, even though they may be sufficient to warrant a reversal of the judgment on appeal. A party who has obtained a judgment after a full investigation of the controversy by a competent tribunal, will not be forced by a court of equity to submit to a new trial unless justice imperatively demands it. It must clearly appear to the court that it would be contrary to equity and good conscience to allow the judgment to be enforced, else it declines to impose terms upon the prevailing party." (*Crim* v. *Handley*, 94 U. S. 652; *Harkey* v. *Tillman*, 40 Ark. 551.)

It is thus seen when by accident from unforeseen circumstances, the term of a court has lapsed, or a special adjourned term was never held, or the adjourned session could not be held, and the term closed by operation of law, so that the judgment became irrevocable at law, and the party lost the benefit of his motion and was precluded or cut off from his right of appeal, the failure to obtain a new trial or appeal alone was not sufficient to warrant the interference of equity with the judgment, nor mere errors or irregularities of the court of law, but injustice or hardship must be made to appear, or some other equitable consideration, so that it would be contrary to equity and good conscience to allow the judgment to be enforced. "A judgment," says Mr. High, "regular on its face, will not

be enjoined when it is not shown to be unjust or oppressive, and when it does not appear that the party asking the aid of equity against the enforcement of the judgment has a good defense to the claim upon which it was founded." (High on Inj. § 89.)

The complainant alleges no facts arising out of or connected with the trial which show that any injustice has been done, or that the winning party has obtained any improper advantage, or any fraud or mistake, or any failure of justice from the trial by accident, or that he has any defense thereto other than if he was granted another opportunity he will prove that the heifer is his property. His reliance for relief rests solely upon the ground that by accident arising out of the resignation of the justice he has been cut off or lost his right of appeal, which would have secured a trial *de novo*, and that he would have been able to prove what it seems he failed to establish to the satisfaction of the jury at the first trial. In such case, it is plain that the jurisdiction of equity cannot be imperatively demanded. The accident and the injustice of the judgment must concur and appear or its jurisdiction will be denied.

Nor is this all. In the case at bar, the plaintiff was not cut off absolutely, as in the other cases cited, from his right of appeal. He had plenty of time to perfect his appeal, and could have done so easily if he had so desired, so far as this record discloses. Of the thirty days within which an appeal may be taken, eighteen of them were allowed to pass before the signature of the justice was sought to perfect the appeal. While the statute fixes the limit at thirty days within which an appeal may be taken, yet there were eighteen days in which the opportunity was present for the plaintiff to exercise his right to appeal and secure a re-trial, which was not availed, so that he was not absolutely precluded or cut off from his right of appeal.

In view of these considerations, and the general doctrine that an injunction will not lie to restrain a judgment

unless it affirmatively appears that the judgment itself was wrong, and that it would be contrary to equity and good conscience to have it enforced, there was no error in dismissing the bill for injunction, and the decree thereof is affirmed.