MISSOURI & NORTH ARKANSAS RAILWAY COMPANY

*v.* KILLEBREW.

Opinion delivered November 21, 1910.

1. EQUITY—RELIEF AGAINST JUDGMENT AT LAW.—A party who has obtained a judgment at law will not be compelled in equity to submit to a new trial unless it clearly appears that it would be contrary to equity and good conscience to allow it to be enforced. (Page 522.)

2. SAME—NEW TRIAL—SUFFICIENCY OF DEFENSE.—A judgment at law will not be opened or vacated in equity if the defense set up by defendant is purely technical in its character, such as the statute of frauds. (Page 523.)

Appeal from Boone Chancery Court; *T. Haden Humphreys,* Chancellor; affirmed.

*W. B. Smith & J. Merrick Moore,* for appellant.

In view of the court's finding that appellant was deprived of its appeal in the case at law by accident and mistake, without negligence on its part, there is left but one question on this appeal, *i. e.,* whether the judgment at law was contrary to equity and good conscience, or "an unjust and unconscionable judgment."

To the first count of the complaint at law the appellant pleaded the statute of frauds as a defense, and the court's refusal to properly instruct the jury on the statute of frauds, as requested in appellant's offered instruction No. 3, deprived it of a meritorious defense. Kirby's Digest, § 3656; Eng. Stat. Frauds, 29 Car., § 17; Browne, Stat. Frauds (5 ed.), § § 355, 363, 366; 72 Ark. 363. The statute of frauds is recognized in equity, and the same construction is placed upon it as at law. 18 Ves. Jr. 175; 26 N. J. Eq. 504; 4 Johns. Ch. (N. Y.), 659; 69 Ark. 516.

*Horton & South* and *Pace & Pace,* for appellee.

1. Before a court of equity will interfere in this kind of a case, it must appear not only that the right of appeal was lost through unavoidable accident, but also that the party seeking the relief was himself free from fault. 61 Ark. 348; 75 Ark. 509; 43 Ark. 107; 64 Ark. 126.

2. The judgment at law was not unjust and inequitable. The law court was right in refusing to instruct the jury as requested by the appellant on the statute of frauds. Aside from the evidence showing delivery of the ties by the appellee at the place designated, and the failure of the evidence to show any acts of ownership by appellee thereafter, the written memorandum, signed by appellee and retained in the possession of the appellant's agent, is sufficient to take this case out of the statute of frauds. 45 Ark. 1-17; authorities cited; 35 Ark. 197.

HART, J. This action was instituted in the chancery court of Boone County by appellant against appellees to obtain a

new trial on account of unavoidable casualty preventing the appellant from filing its bill of exceptions within the time granted by the order of the Boone Circuit Court overruling its motion for a new trial in the case of L. B. Killebrew against the appellant.

The prayer of the complaint is that if Killebrew refuses to submit to a new trial in said cause in said circuit court, he be permanently enjoined from enforcing the judgment recovered by him.

Upon hearing the cause, the chancellor found that appellant had been deprived of its right of appeal from the judgment of the Boone Circuit Court in the case of L. B. Killebrew against it by accident and mistake without fault on its part, but that the said judgment of the Boone Circuit Court against it is not an unjust and unconscionable judgment, and that appellant is, therefore, for want of merit, not entitled to maintain this action.

A decree was entered dissolving a temporary injunction which had been theretofore issued in the case, and dismissing the complaint for want of equity. The case is here on appeal.

We do not deem it necessary to decide the question of whether any such mistake or accident was alleged or shown in appellant's complaint as justified the interference of a court of equity, for the reason that we are of the opinion that the judgment at law, of which appellant complains, was not unjust or inequitable. "A party who has obtained judgment after a full investigation of the controversy by a competent tribunal will not be forced by a court of equity to submit to a new trial unless justice imperatively demands it. It must clearly appear to that court that it would be contrary to equity and good conscience to allow the judgment to be enforced, else it declines to impose terms upon the prevailing party. *Whitehill* v. *Butler,* 51 Ark. 341, and cases cited; *Kansas & A. V. Ry. Co.* v. *Fitzhugh,* 61 Ark. 348. The facts in the case of L. B. Killebrew against appellant, briefly stated, are as follows:

Killebrew brought suit in the Boone Circuit Court against appellant to recover damages for breach of contract in the sale of some railroad ties. C. H. Smith was the agent of appellant, engaged in buying ties for it. He made a contract with Kille-

brew to buy 2,000 ties from him. Smith, in order to bind Killebrew, took out his order book, and wrote therein the following memorandum of the contract: "I hereby sell you about 2,000 white oak ties now at Everton at the rate of 48 cents. Ties at Everton within five days and paid for July 31, 1907," and had Killebrew to sign the same. Appellant's agent retained the written memorandum signed by Killebrew. Pursuant to their agreement, Killebrew placed the ties on the sidetrack of appellant's railroad at the point designated by Smith. When appellant's agents came along to inspect and take up the ties, they got into a dispute with Killebrew about the amount of culls to be taken up, and refused to take the ties. After the ties had remained there for several weeks, and appellant had refused to take them up, he sold them to other parties, and brought suit against appellant as above stated to recover the loss he sustained by appellant's alleged breach of the contract. Appellant pleaded the statute of frauds, and relied on section 3656 of Kirby's Digest to sustain its plea.

Appellant contended that, although the memorandum of the sale was inserted by appellant's agent in his own order book, and was required to be signed by Killebrew, appellant should not be taken to be bound by it because it was not signed by it or its agent. An instruction to this effect was presented to the circuit court and refused, and the action of the court in refusing the instruction, was assigned as error.

We do not decide whether or not the assignment of error was well taken, but affirm the decision of the chancellor on the ground that the defense interposed was purely technical and without merit.

"A judgment will not be opened or vacated if the defense set up by defendant, and which he proposes to plead, is not meritorious or is purely technical in its character or is dishonest or unconscionable. Of such character are the defense of usury, the coverture of defendant, plaintiff's want of capacity to sue, a plea of *ultra vires,* the statute of frauds," etc.    23 Cyc. 964 and 965.

In the case of *Johnson* v. *Branch,* 48 Ark. 535, the court, speaking through Chief Justice COCKRILL, said: "The accident alone does not warrant the interference of equity. The judgment must appear to give the winning party an advantage which a court of equity would not permit him to hold, in order to

warrant its extraordinary interference with proceedings at law. It grants relief against judgments in aid of justice, not as a recompense for the accident; and, although the law court may have committed error upon the trial, if the judgment is not against conscience, it will not meddle with it. The accident, or some other ground of equitable interposition, and the injustice of the judgment must concur."

Tested by this rule, we think the chancellor was right in denying the relief sought. The defense interposed by appellant in the suit at law was purely technical; and we do not regard it as a meritorious defense within the meaning of the rule just stated.

The decree will be affirmed.