E. W. BINGMAN, Appellant, v. W. E. CLARK, Appellee.

NEW TRIAL: Unavoidable Casualty, Etc.—Matters Subsequent to 1 Judgment. The ''unavoidable casualty or misfortune'' which

will authorize the setting aside of a judgment and the granting of a new trial, under Sec. 4091, Code, 1897, embraces matters happening *before* final judgment, not matters happening *after* final judgment. So held where, *after full trial and judgment*, the failure of the reporter and trial judge to certify to the report of the trial, and the failure to file the certified report within 30 days, deprived defendant of a hearing on appeal.

**NEW TRIAL:**    Application to Equity—Unavoidable Misfortune—
2    **Showing of Merit.** *Equity* will not set aside a judgment at law and order a new trial, in the absence of allegation and affirmative proof of all those matters and things, regardless of technical errors not going to the merits, which show that the judgment is against good conscience, and that a retrial will probably result in a different verdict. So held on an application for a new trial on the *sole* ground that the applicant was denied a hearing on appeal to the Supreme Court because of the negligent failure of the reporter and trial judge to certify the evidence within proper time.

**CONSTITUTIONAL LAW:**   Right of Appeal—Limitations. No con-
3    stitutional right of appeal exists separate and apart from the legislative rules and regulations governing the same.

*Appeal from Clark District Court.*—T. L. MAXWELL, Judge.

TUESDAY, SEPTEMBER 19, 1916.

REHEARING DENIED SATURDAY, JANUARY 13, 1917.

ACTION in equity, to set aside a judgment and for a new trial, based on the ground that the plaintiff in a law action was denied the right to be heard on appeal, because bill of exceptions was not preserved and filed within 30 days from the entry of the judgment, it appearing that, within 30 days from the rendition of the judgment, the plaintiff requested the official shorthand reporter to attach a certificate to the minutes of the testimony taken by him, and that the reporter failed and neglected to do this within the 30 days, without any fault or negligence on the part of the plaintiff. Decree in the court below dismissing plaintiff's petition. Plaintiff appeals.—*Affirmed.*

*Temple & Temple,* for appellant.

*O. M. Slaymaker,* for appellee.

1. NEW TRIAL: un-
avoidable cas-
ualty, etc.:
matters subse-
quent to judg-
ment.

GAYNOR, C. J.—This is an action in equity, brought to secure a new trial in a law action.   The ground upon which the relief is asked will be stated in the opinion.

On the 18th day of August, 1911, the defendant herein brought an action against this plaintiff to recover damages on account of fraud and deceit in the exchange of property. Issue was joined, and the cause brought to trial to a jury on the 25th day of September, 1912.  The cause was duly tried, and, on the 26th day of September, the jury returned a verdict in favor of the defendant herein, plaintiff in said cause, for $3,875.  On the 28th day of September, 1912, the defendant in said cause, plaintiff in this cause, filed his motion for a new trial.  On the 2nd day of January, 1913, this motion was submitted to the court before whom the cause was tried, and taken under advisement.  On the 17th day of January, 1913, the court overruled the motion, and entered judgment for the plaintiff against the defendant, for the full amount of the verdict, with costs.  After judgment had been entered, the plaintiff herein, defendant in said cause, through his attorney, demanded that the evidence taken down by the official shorthand reporter be certified, as required by Section 3675 of the Code.  Plaintiff states that said demand was repeatedly made upon said reporter within 30 days after the rendition of the judgment; that, by oversight or mistake on the part of the reporter, due to the fact that the judge and reporter were engaged in official work in other counties, the certificate to the shorthand notes of the evidence was not made and filed within 30 days from the rendition of the judgment, as required by the statute; that the certificate required by the statute was not attached to the shorthand notes until the 17th day of March following, and was not

filed with the clerk until the 21st day of March. The plaintiff herein, defendant in said cause, did not discover, we will assume for the purposes of this case, that the notes had not been certified to and filed within the 30 days. Believing, however, that they had been filed, the plaintiff in this cause, defendant in said cause, duly appealed to the Supreme Court, and prepared and filed an abstract of the record so supposed to be in existence. Thereafter, the plaintiff in said cause, defendant in this, moved this court to strike the evidence contained in the abstract from the files, for the reason that the shorthand reporter's notes had not been certified within 30 days after the rendition of judgment in the cause, and did not constitute a bill of exceptions under the statute. Thereupon, this court sustained said motion, and, upon further motion of the plaintiff in said cause, defendant in this, entered judgment against this plaintiff, defendant in said cause, and against the sureties on his appeal bond, for the amount of the judgment entered in the court below. The plaintiff in this case, defendant in said cause, being thus disposed of in the Supreme Court, returned to the district court in which the cause was tried, and, on the 13th day of January, 1914, filed a petition for a new trial in said court and in said cause, alleging, among other things, that the judgment entered against him was void for fraud practiced by the plaintiff in obtaining the same; that false testimony was given on the trial of said cause in behalf of the plaintiff therein; that, since the trial of said cause, the plaintiff herein has discovered new evidence, which could not have been discovered by reasonable diligence before the trial, which was material to the controversy, and directly controverting the facts relied upon by the plaintiff therein in his testimony, and upon which he secured the judgment, and alleging many irregularities in the trial of the cause, and errors in the instructions of the court. To this petition, the defendant herein, plaintiff in said cause, filed a demurrer. Thereupon, plaintiff in this cause, defendant in said cause,

filed an amendment to his petition, setting out the matters
now relied upon for a new trial, in addition to the matters
hereinbefore referred to.   To this, a motion or demurrer
was filed by plaintiff in said cause, defendant in this.   There-
upon, the defendant in said cause filed a second amendment
to his petition, alleging, among other things, that he had been
deprived of his right to an appeal by the negligence and
carelessness of the reporter and judge in not attaching a
certificate, as required by law, to the minutes of the evidence,
as hereinbefore set out.   A motion or demurrer was again
filed to this amendment by the plaintiff in said cause.   There-
after, on the 5th day of October, 1914, the plaintiff herein
filed an amended and substituted petition in equity, in which
he asks equitable relief against the judgment, and for a new
trial.   Upon this amended and substituted petition, the cause
was tried to the court, and decree entered dismissing the
petition, and from this, this plaintiff appeals.   This amended
and substituted petition recites:   That, on the 13th day of
August, 1911, the defendant herein commenced an action
against the plaintiff herein in the district court of Clarke
County, claiming damages for fraud and deceit in the ex-
change of lands; that, on the 7th day of September, 1911,
answer was filed by the defendant; that, upon the issues
tendered, the cause was tried to a court and jury, and a
verdict returned by the jury against this plaintiff; that this
plaintiff filed a motion for a new trial; that this motion
was submitted and overruled; that, on the 17th day of Jan-
uary, 1913, judgment was entered against this plaintiff in
favor of this defendant for the full amount of the verdict
returned; that plaintiff took an appeal in good faith, and
believed that he had good grounds for reversing the deci-
sion appealed from; that, though he requested the official
reporter to do so, the notes of the trial were not filed with
the clerk, nor certified to by the reporter and judge within
30 days from the rendition of the judgment; that, by mis-
chance, oversight and mistake, due to the fact that both the

trial judge and the official reporter were engaged in official work in other counties, the certifying of the shorthand reporter to the evidence and the record was not made within 30 days from the rendition of the judgment; that, resting in the belief that the reporter had done his duty, and that the shorthand notes were filed as required, within the 30 days, defendant in said cause, plaintiff in this, appealed to the Supreme Court, prepared and filed a full abstract of the proceedings as they appeared in the transcript of the reporter's notes; that thereafter, on the 28th day of September, 1913, the Supreme Court sustained a motion to strike the evidence contained in the abstract from the files, for the reason that the shorthand reporter's record had not been certified within 30 days of the rendition of the judgment, and did not constitute a bill of exceptions; that the Supreme Court sustained this motion, struck out the evidence, and, on motion of the plaintiff in said cause, defendant herein, entered judgment against this plaintiff and the sureties on his appeal bond for the amount of the judgment in the trial court. The plaintiff says that his right of appeal was a valuable one, and he was deprived of it without any fault or negligence on his part; that he was deprived of it, without fault on his part, by oversight and mistake on the part of the trial judge and the official reporter in failing to certify the record within the time required by law, as demanded by the plaintiff; and plaintiff says that he has been deprived of his constitutional right of appeal and review, and has suffered irreparable wrong unless he is relieved by the intervention of a court of equity; that he has proceeded as far as is possible for him to proceed on the law side of the court, and has no adequate remedy at law. It will be noted that the original petitions for a new trial, hereinbefore referred to, were all filed on the law side of the calendar and in the law action, and predicated upon statutory grounds, and filed within a year from the rendition of the judgment. This amended and substituted petition upon which the cause

was tried was entitled a petition in equity praying for equitable relief, without the allegation of any statutory ground upon which a law court could grant relief. The appeal in this petition is to the broad, equitable powers of the court to grant relief against a judgment in a law action, and is not predicated upon any statutory ground. The only ground relied upon, in this petition, for a new trial, is the fact that, without fault on the part of the plaintiff, he was deprived of the right to be heard in the Supreme Court on an appeal in a law action. This petition was filed more than a year after the judgment had been entered, and in a different forum. It has been repeatedly held by this court that a court of equity will not grant a new trial in a law action, except upon statutory grounds. A court of law has not power to grant a new trial after the term at which the judgment is entered, except upon petition filed within one year after the term, and then only where the grounds for a new trial could not, with reasonable diligence, have been discovered before, but are discovered after the term (see Section 4092 of the Code, 1897), and then only for the following reasons: (1) For mistake, neglect or omission of the clerk, or irregularity in obtaining the same; (2) for fraud practiced in obtaining the same; (3) for erroneous proceedings against a minor or person of unsound mind; (4) for the death of one of the parties before the rendition of the judgment; (5) for unavoidable casualty or misfortune, preventing the party from prosecuting or defending; (6) for error in the judgment or order shown by a minor within twelve months after arriving at majority. See Section 4091 of the Code, 1897. This is the only authority possessed by a trial court, in a law action, to set aside or vacate a judgment duly entered at a prior term. None of these provisions can be said to apply to the condition presented by this record, except, perhaps, the fifth—for unavoidable casualty or misfortune preventing the party from prosecuting or defending. But it has been repeatedly held by this court that

this fifth provision relates to unavoidable casualty or misfortune preventing the party from prosecuting in the suit on trial. No such casualty or misfortune is presented in this case, nor is any complaint made of any casualty or misfortune preventing the defendant from defending his suit to, the fullest extent. The language of the statute has reference to matters occurring before the entry of the judgment, and not to matters occurring thereafter. All the matters complained of in this petition occurred after the entry of judgment. In *Loomis v. McKenzie,* 48 Iowa 416, this court said:

"It cannot be said a party is prevented from prosecuting or defending a case by a matter occurring after judgment. But it may be said he is prevented from prosecuting and defending an appeal in the case. But no such meaning can be put upon the language. It unmistakably refers to casualties which prevented the prosecution or defense at the trial upon which the judgment was entered."

See *Ruppin v. McLachlan,* 122 Iowa 343; *Richards v. Moran,* 137 Iowa 220, 227; *Dumbarton Realty Co. v. Erickson,* 143 Iowa 677, 681.

So it is apparent that the allegations of this pleading present no statutory ground for a new trial. If relief is granted at all, it must be found in the broad, equitable

2. NEW TRIAL: application to equity: unavoidable misfortune: showing of merit.

powers of a court of equity to grant relief against unjust and inequitable judgments, and judgments against good conscience. A court of equity, in applications of this kind, does not sit as an appellate court of review. Even if the trial court committed errors, a court of equity will not interfere unless the judgment is against good conscience. There must be a concurrence of the accident complained of, or some other ground of equitable interference, and the injustice of the judgment itself. In this petition, there is no claim made that the defendant did not have a fair and impartial trial. There is no claim made of any fraud practiced in procuring

the judgment; no claim that the court committed any errors in the trial. There is no claim made that the court erred in overruling the motion for a new trial originally presented to it. No fact is alleged tending in the least to show that the verdict of the jury was not the result of a fair and impartial deliberation upon the evidence submitted, and the law as given it by the court. Or, in other words, there is nothing to show that the judgment entered in the court below is either unjust or inequitable. The petition presents but one ground for the relief, and that is that the defendant was prevented from obtaining a hearing in the Supreme Court upon his appeal, by the negligence of the reporter in failing to certify and file the transcript within 30 days. There is nothing in the record to show, or even suggest, that a hearing in the Supreme Court upon the merits would have brought about any different condition from that under which the defendant now rests. The district court, sitting as a court of equity, was asked to set aside a judgment upon this simple showing, without even a suggestion, to say nothing of a showing, that there was any probability that a different result would be obtained upon a retrial than was reached upon the former trial. To say the least, it would seem unfair to this defendant, who has obtained a judgment against this plaintiff, to impose upon him the burden and expense of a second trial, until it is shown either that the first trial was in some way unfair, or some erroneous rulings made at the trial.

"A judgment at law, so long as it stands, imports absolute verity as to every proposition of law and fact essential to its existence against all the parties to it." See *Shultz v. Shultz,* 136 Ind. 323 (43 Am. St. 320, and note).

The defendant in this suit urges many grounds against the granting of the relief prayed for. We are satisfied, however, to rest our decision upon the ground that equity will not grant relief against judgments entered in a court of law without some showing of ground for equitable relief—

without some showing that the judgment itself is unjust or inequitable. A court of equity will not interfere to set aside a judgment at law in any case, until it is made reasonably to appear that the result would be other or different than that already reached, in the event a new trial were granted. It is clear that this action in equity cannot be sustained, for the reason that the petition contains no allegations showing any features of equitable cognizance. It rests solely upon the ground that the plaintiff was deprived of his right to be heard, on error, in the Supreme Court, through the negligence of another, with no showing that error was in fact committed—no showing that he has lost anything except the naked right to be heard on appeal in a case in which no error is shown to have been committed on which a reversal could rest. As said in *Galbraith v. Barnard*, 21 Ore. 67:

"The principle is fundamental that, when a party has had full opportunity to be heard and make any defense he may have before a verdict and judgment is rendered against him, equity will not aid him and grant relief after such verdict and judgment, unless obtained by fraud, accident, or mistake, unmixed with any fault on his part. A judgment at law ought to be conclusive on the matter in dispute, both as settling the rights of the parties and to put an end to litigation, unless it affirmatively appears that such judgment is wrong, and that it would be against equity and good conscience to have it enforced. It is not enough that the judgment may be wrong, but some equitable consideration also must be shown to exist to warrant the interference of equity. The facts alleged show that the justice's court had jurisdiction; that both parties appeared before it and joined issue; that a trial was had by a jury; and that the verdict and judgment was regularly found and entered. All this tends to show that the judgment was right, and the rights of the parties legally determined. There is no suggestion that the trial was unfair, or that the court erred in the admission or rejection of evidence, or in any of its rulings, or that the

verdict or judgment was obtained by fraud, or by any act of the prevailing party, or that the plaintiff was prevented from making any defense to the action, or in any way whatever prevented from fully and fairly presenting his cause to the jury and the court. So far, there is nothing to warrant even the inference that there was any failure of justice, or that any injustice had been done by the verdict and judgment. The plaintiff puts himself upon the bare proposition that, having lost the benefit of his appeal by accident, he may properly seek relief in equity, without regard to whether or not the trial already had was fair, or the judgment rendered therein was against equity and good conscience. But accident alone is not sufficient; there must be some failure of justice from the accident—some circumstances of hardship or fraud, as the case may be—to warrant the interference of equity.''

See also *Johnson v. Branch,* 48 Ark. 535. In this case it appears that no opportunity was afforded the party against whom the judgment was rendered to move for a new trial because the court adjourned, and the term lapsed before the motion could be made and disposed of, and the court said:

''This was such an accident as would give jurisdiction to a court of equity to grant relief, provided the party complaining was otherwise entitled to it. . . . The accident alone does not warrant the interference of equity. The judgment must appear to give the winning party an advantage which a court of equity would not permit him to hold, in order to warrant its extraordinary interference with the proceedings at law. It grants relief against judgments in aid of justice, not as a recompense for the accident; and, although the law court may have committed error upon the trial, if the judgment is not against conscience, it will not meddle with it. (Cases supra.) The accident, or some other ground of equitable interposition, and the injustice of the judgment, must concur.''

See also *Whitehill v. Butler,* 51 Ark. 341, 343, in which it is said:

"It is not enough to warrant the extraordinary interference of equity with a judgment at law, that an accident has prevented the losing party from pressing a motion for a new trial based upon technical errors occurring at the trial; even though they might be sufficient to warrant a reversal on appeal. A party who has obtained judgment after a full investigation of the controversy by a competent tribunal, will not be forced by a court of equity to submit to a new trial, unless justice imperatively demands it. It must clearly appear to the court that it would be contrary to equity and good conscience to allow the judgment to be enforced."

See *Ratto & Company v. Levy Bros.,* 63 Tex. 278. This is an action to enjoin a judgment on the ground that the plaintiff was prevented by accident and mistake from presenting his case on appeal to the Supreme Court. The court said:

"It is well settled that in this character of cases, 'relief will not be granted unless the party seeking it show clearly to the satisfaction of the chancellor that he has a good defense to the action, which he was prevented from making by fraud, accident, or the acts of the opposite party, wholly unmixed with any fault or negligence on his part. He must be able to impeach the justice and equity of the verdict and judgment of which he complains and to manifest clearly to the court that there is good ground to suppose that a different result will be attained by a new trial.' "

There must be something inherently wrong in the judgment, and the burden rests upon the complaining party to impeach the judgment. He addresses himself to a court of equity. It follows that, if he is unable to show any statutory or legal ground for the relief prayed for, he must show some fact or circumstance which calls into exercise the larger equitable powers of a court of equity. He must not only show that the judgment is unconscionable and inequitable—

that it was procured by fraud, was the result of accident or mistake, or the act of the opposite party, unmixed with any fault or negligence on his part; but it must be such a judgment as a court of equity, in good conscience, will not permit to be enforced against the complaining party. Mere technical errors, which do not go to the merits of the controversy, committed by the law court on the trial, will not call for the interference of a court of equity. In a case of this kind, a court of equity does not sit as a court of appellate review. See *Overton v. Leon & Blum,* 50 Tex. 417.. In this case the court said:

"Admitting that the delay of appellant in presenting to appellees' counsel his statement of facts . . . is not such negligence as precluded him from complaining of the failure of the presiding judge to prepare a statement of facts· before the adjournment of court, or to file such statement, as agreed by the parties, . . . in time for appellant to prosecute his appeal, does the mere failure of the judge to make out and file such statement, and the subsequent affirmance of the judgment on certificate without reference to the merits, authorize the district court to grant a new trial or to enjoin the collection of the judgment? Surely, it cannot be insisted that a judgment of the district court and its affirmance by this court can be set aside or enjoined, on application to the district court, without its being made to appear, *prima facie* at least, by the applicant, that he had a meritorious. defense to the action, and but for the failure of the judge to make out the statement of facts, this court might, and probably would, have reversed the judgment and granted him a new trial. It is a universal rule that the aid of a court of equity can never be invoked by a party who does not show merit. Certainly the overruling and setting aside a judgment of a court having jurisdiction of the parties and subject-matter of the suit cannot be thought to be an exception to this general rule. Appellant, however, made no attempt to show merits. His petition seems to have been framed upon the .

theory that the district court, by reason of the fact of the failure of the judge to file the statement of facts as agreed, and his being thereby deprived of a full review of the judgment by this court, could set aside its former judgment and order a new trial of the original suit in that court, just as if a new trial had been granted on an application during the term at which the judgment was rendered. It is not pretended that appellant was in any way hindered or obstructed in making his defense to the original action in the district court. It is insisted merely that he did not get the benefit of his appeal to this court, and could not have done so with any hope of success without a statement of facts, approved by the judge. But, we ask, why should a court of equity interfere and grant relief unless there was merit in his appeal? Surely, no one would claim relief because by accident or mistake he has lost the opportunity of appealing from the judgment of the district court, if it appeared that his appeal was taken merely for delay; and if not, it must be conceded, it is incumbent upon the party applying to a court of equity for relief to show equity. Appellant, when he appealed to equity for relief, because, as he says, he has lost the benefit of his appeal for want of a statement of facts, should show, *prima facie* at least, a meritorious ground of appeal; and that, had the statement of facts been filed, so that he could have presented his appeal to this court as he designed, the judgment might, and probably would, have been reversed.''

The court in this case found, upon an examination of the record, that there was no reasonable ground for believing that a new trial would have been granted if the statement of facts had been preserved and filed, and it is said:

''It is, therefore, impossible for us to say, on the case as made by appellant, 'that he has suffered any injury by the failure of the court in the matter complained of, as would warrant a court of equity to enjoin or set aside the previous judgment.''

Where a party has obtained a judgment in a court having jurisdiction of the parties and the subject-matter, the verdict and judgment are presumed to be right until shown to be wrong. Where the party securing the judgment is not shown to have been guilty of any wrong or fault in procuring it, where the other party is not shown to have been circumvented in any way, or prevented by fraud, accident or mistake from fully and fairly defending against the suit, the party recovering the judgment is·entitled to hold the advantage which he has gained. The burden rests upon the party attacking the judgment to show something of equitable cognizance which shows him entitled to relief from the judgment. The judgment imports a verity. The verdict is presumably right, and, being presumably right, will not be set aside until it is affirmatively shown to be· wrong or improperly obtained. To set aside a verdict because of possible injustice to the adverse party is quite as likely to do a great injustice to the other party. He is subject to the risk of a new trial, and this risk involves possible loss of evidence, and the death of witnesses. This hazard he ought not to be compelled to take, unless it is made affirmatively to appear that, in equity and good conscience, he ought not to be permitted to hold the advantage he has gained by the verdict.

· It is urged, however, by the plaintiff in this suit that he has a legal and constitutional right to be heard in the Supreme Court on appeal. This question, however, is answered adversely to appellant's claim in *Realty Company v. Erickson,* supra. In this case it is said:

3. CONSTITUTIONAL LAW : right of appeal: limitations.

"The right to appeal is a right to prosecute the same according to the reasonable .rules and regulations imposed by legislative authority;" and it is said in that case, in sub-·stance, that noncompliance with the statutory requirements in perfecting an appeal is fatal to his right to be heard, and a refusal to excuse noncompliance with the statutory

requirements where the same is occasioned by accident, casualty or misfortune, is not a denial of the constitutional right, and it is said:

"It is easily conceivable that the sickness or insanity of such party occurring during that period may prevent an appeal within the time limited, yet a refusal to entertain his appeal, taken at a later date, could hardly be construed into a denial of a constitutional right. In such cases the appeal fails, not because a constitutional right is denied, but because of failure to comply with the conditions constitutionally imposed upon its exercise. If the failure is caused by unavoidable casualty, the party thus handicapped suffers a misfortune, but no wrong for which either Constitution or statute provides a remedy."

We are not unmindful of the fact that the Supreme Court of Nebraska has held to a different doctrine. See *Curran v. Wilcox,* 6 N. W. 762 (10 Nebr. 449); *State v. Gaslin,* 32 Nebr. 291 (49 N. W. 353); *Holland v. Chicago, B. & Q. R. Co.,* 52 Nebr. 100 (71 N. W. 989); *Zweibel v. Caldwell* (Neb.), 99 N. W. 843. In this last case, the court, in referring to the previous decisions of the same court, said:

"In all of these cases, the constitutional right to a review is spoken of and treated as absolute. It is true, the question as to the necessity of some showing of error in the judgment complained of is not touched upon in any of them. In the absence of such a showing, the loss without fault of one's constitutional right of review would seem sufficient to warrant a new trial, and that prejudice will be presumed."

In none of these Nebraska decisions above referred to is any authority given for the holding therein made except the authority of previous decisions of the same court. In the case of *Richardson v. State,* 15 Wyo. 465 (89 Pac. 1027, 12 Ann. Cas. 1048), it is held that, on appeal in a criminal case, the court will grant a new trial where it is made to appear affirmatively that the record has been lost or destroyed or mislaid, or the defendant is unable to produce it without

any fault or negligence on his part. It is there asserted that the defendant in a criminal case has an absolute right to an appeal, and to be heard on his appeal, and that he cannot be deprived of this right by the fault or negligence of an officer of the court; and the court reversed the case upon such holding. This doctrine does not prevail in this state, and it is not available to the plaintiff in this case. To hold to the doctrine in this Richardson case would be to presume that there was error; to presume that the defendant was wrongfully convicted; to presume that he was deprived of some substantial benefits in being deprived of his appeal; while, in this state, the record must be preserved, and it must affirmatively show error, before this court will interfere with the judgment below. The same is true in *Bailey v. United States* (Okla.), 104 Pac. 917 (25 L. R. A. [N. S.] 860). In that case it is said:

"It seems to be well established, as a general rule, that where a defendant has done all that the law requires in perfecting his appeal, and where the record necessary for a review of the case is lost or destroyed while in the custody of an officer of the court, in order to prevent a possible miscarriage of justice by depriving the defendant of his legal right of appeal, a new trial will be granted."

In this state, however, the rule is that a failure to perfect a record on appeal, because of noncompliance with reasonable legislative regulations, cannot be excused by a showing that such noncompliance was occasioned by accident, casualty, or misfortune.

"This right, like all others, must be exercised and worked out through the channels of the law, and to enjoy it, the party must put himself in the attitude which the statute prescribes. . . . It is easily conceivable that sickness or insanity of such party, occurring during that period, may prevent an appeal within the time limited, yet a refusal to entertain his appeal, taken at a later date, could hardly be construed into a denial of a constitutional right. In such

cases, the appeal fails, not because a constitutional right is denied, but because of failure to comply with the conditions constitutionally imposed upon its exercise. If the failure is caused by unavoidable casualty, the party thus handicapped suffers a misfortune, but no wrong for which either Constitution or statute provides a remedy.'' *Dumbarton Realty Co. v. Erickson,* 143 Iowa 677, 686.

In denying plaintiff's appeal in this case, this court held to this doctrine, and refused to consider the appeal, even upon a showing of unavoidable casualty, preventing the presentation of the record. As the case now stands before this court, the plaintiff is asking equitable relief against the judgment. He has failed to show any ground upon which equitable relief can be granted. All presumptions are in favor of the judgment entered in the court below. All presumptions are in favor of its regularity. The burden is on the plaintiff to impeach it. This he has not done or attempted. This case presents no assurance that a different result would be obtained upon a new trial. It presents no fact from which an inference can be drawn that the verdict was not the result of fair consideration by the jury of the whole record. It presents no fact from which it is made to appear that the record upon which the jury acted was not fully and fairly made by the trial judge who presided. The plaintiff in this case has presented in this record no fact or circumstance that would tend to lead the mind to a conclusion that the judgment against him, of which he complains, was not fairly, legally, and justly entered. This court, acting as a court of equity, will not interfere and set aside this judgment on the supposition that it might result in some benefit to this plaintiff, when the record presented does not show any reasonable ground for so believing. The presumption is in favor of the record. The presumption is in favor of the judgment, in favor of its regularity, and of the proceedings leading up to it. With this presumption standing in the way, it would be unjust and inequitable to this defendant to force

him to a retrial of issues.   So far as this record shows, the cause was fairly and fully tried upon the original hearing. We find no ground for equitable relief in the record, and the judgment of the court below is—*Affirmed.*

EVANS, C. J., LADD and SALINGER, JJ., concur.